for a consolidation of the two actions into one, and authorized the service of an amended complaint in the consolidated action, and this was served. The stipulation permitted the plaintiffs to serve a second amended complaint in the consolidated action, and, as a condition of granting such favor, the defendant received $10 from the plaintiffs, who, in turn, gave the defendant additional time to answer therein. That was a complete recognition of the existence of the consolidated action, which consolidation had been made under and by virtue of the order afterward appealed from. Before the appeal the defendant had served an offer of judgment, and since the appeal it has served an answer, both in the consolidated action. These steps, together with the stipulation, all made without any reservation whatever, are inconsistent with an attempt by appeal to procure a reversal and annulment of the order pursuant to which the consolidated action exists. Even if on appeal such order should be reversed, it is very questionable if the consolidated action would not still exist by virtue of the stipulation and the acts done pursuant and subsequent thereto.

We think, under the facts here, there is a clear waiver of the right to appeal or prosecute an appeal from the order in question, and that the appeal should therefore be dismissed, with $10 costs and disbursements.

Appeal dismissed, with $10 costs and disbursements. All concur, except PARKER, P. J., who dissents.

---

(86 App. Div. 89.)

### CROSBY v. SECURITY MUT. LIFE INS. CO.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1903.)

1. SUBMISSION TO COURT—STIPULATION—INTERPRETATION.
     Where a case was submitted under a stipulation that, if the court reached the conclusion that the case should be submitted to the jury, judgment should be rendered for plaintiff, and that, if the court reached the conclusion that there should be a direction of the verdict for defendant, judgment should be entered for defendant, defendant was entitled to judgment if the evidence disclosed a fact which would, as a matter of law, prevent a recovery, notwithstanding there may have been other controverted questions which might properly have been submitted to the jury.

2. LIFE INSURANCE—WARRANTIES—TRUTHFULNESS.
     Insured warranted in his application for a life policy that he had been attended only by a certain named physician. In an action on the policy it appeared that at a certain time, when deceased was suffering from a slight ailment, a physician was called by his wife without the knowledge of insured, and that the physician gave advice relative to insured's diet, etc. Insured did not want a doctor called, and it did not appear that he took any of the medicines prescribed. *Held* to justify a finding that the warranty was, in effect, true.

     Williams, J., dissenting.

Appeal from Trial Term, Ontario County.

Action by Sadie E. Crosby against the Security Mutual Life Insurance Company. From a judgment for defendant, plaintiff appeals. Reversed.

The action was commenced on the 5th day of November, 1900, to recover the amount of a policy of insurance for $1,000 upon the life of Alfred D. Crosby, deceased, by the plaintiff, the widow of the deceased, and the beneficiary named in the policy.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Henry E. Miller, for appellant.
F. W. Jenkins, for respondent.

McLENNAN, J.   The case came on for trial at the above term before the court and a jury.  At the close of the evidence the following took place:

"The Court: This is a pretty close case, and I am inclined to think the points raised by counsel for the defendant are good.   At the same time, I would like to examine the question a little more carefully, and I make this suggestion: That counsel upon both sides consent that the case be taken from the jury and be submitted to me, and in case the court reaches the conclusion that the case should be submitted to the jury, or that it is a question of fact for the jury, that the court may render a judgment in favor of the plaintiff for the amount due upon the policy, and, if the court reaches the conclusion that there should be a direction of a verdict for the defendant, then it will direct judgment to be entered for the defendant; that defendant's counsel shall have the same right to appeal or move for a new trial under all the grounds stated in section 999 of the Code; that, in the event that the court renders judgment in favor of the defendant, that the plaintiff shall have the same right to move for a new trial as if the court now directed a verdict for the defendant and against the plaintiff.

"Counsel for both sides consented to the suggestion of the court."

Under this arrangement or stipulation of the parties, it is evident that it was understood that, if there was any question of fact, the determination of which in plaintiff's favor would entitle her to recover, a verdict should be directed in her favor.   The arrangement or stipulation ought not to be construed to mean that, if there was a question of fact as to some issue, the plaintiff should have judgment, if there was present another fact as to which there was no controversy, which, independent of all other considerations, would prevent a recovery.   We think the stipulation should be held to mean that if the evidence disclosed a fact as to which there was no dispute, which would, as matter of law, prevent a recovery, then the decision of the trial justice should be sustained, notwithstanding there may have been other questions of fact which were controverted, and which might properly have been submitted to the jury.   Such holding makes it necessary to consider all the defenses urged by the defendant, and to ascertain whether or not any one of them, as matter of law, would defeat a recovery upon the policy in issue.

The policy in suit was issued by the defendant on the 10th day of January, 1900, and it purported to insure the life of the deceased in the sum of $1,000.   Under the terms of the policy, there can be no question but that the application was made a part thereof, and that, if any of the answers made to questions in such application were in fact untrue, they constituted a breach of warranty, and rendered the policy void.   The questions, the answers to which it is claimed

by the respondent constituted a breach of warranty, and therefore
rendered the policy void, are as follows:

"Q. How long since were you last attended by a physician, or consulted
one? About 2 years. For what difficulty or disease? Dyspepsia. Give name
and residence of such physician? Dr. G. C. Prichard.

"Have you ever been affected with any of the following named diseases or
conditions? .* * * Dyspepsia or indigestion. Once.

"Detail in brief * * * the clinical history of any affection experienced
by the subject (the insured) as per his answers foregoing? Affection, Dys-
pepsia; year, 1897; month, Feb'y; duration, 3 days; severity, moderate; re-
sult, full recovery; medical attendant, Dr. G. C. Prichard."

The question to be determined is whether or not the answers to
the above questions, or any of them, were false, as matter of law.
If it was a question of fact as to whether or not such answers were
false, then, under the stipulation to which attention has been called,
the plaintiff was entitled to recover. As bearing upon the truth of
the answer to the first question, the evidence tends to show that in
March, 1899, the deceased was suffering from a slight ailment; that
the plaintiff, without the knowledge of the deceased, called Dr.. Burt
to see him; that the deceased was then sitting up; that the doctor
advised that the deceased take a dose of castor oil, and gave some
advice as to his diet. It appears that the deceased did not want a
doctor called; did not desire or want his advice; that the doctor
was called without his knowledge or consent; and whether or not
the deceased followed the doctor's advice, or took any of the remedies
prescribed by him, does not appear. There certainly is no evidence
to show that the deceased consulted with the doctor in regard to any
ailment, or that such doctor was called with his knowledge or con-
sent. Under such circumstances, we think a jury might have been
justified in finding that the answer of the deceased was truthful, when
he, in effect, said that Dr. Burt had not attended him as a physician,
and that he had not consulted with him. The other answers to the
questions referred to are, in effect, that at the time in question the
deceased was suffering from dyspepsia; that no physician other
than Dr. Prichard had attended him; that he had been affected with
the disease called "dyspepsia" but once, and that such disease, or the
effects of it, lasted only three days; that it was moderate in severity;
that there was a full recovery; and that the medical attendant was
Dr. Prichard. The answers of the insured in the application, so far
as the evidence shows, were absolutely true, except for the fact,.
as appears by the evidence of the plaintiff, that she, without the
knowledge of the deceased, called Dr. Burt to see him when he was
suffering from some slight ailment, and that while thus suffering,
although sitting up, Dr. Burt, without asking any questions of the
deceased, prescribed for him as to diet, etc. We appreciate the force
of the rule which holds that the statements made in an application for
a policy of insurance, which are made a part thereof by the terms of
the policy, are to be regarded as warranties, and that, if the same
are untrue, it avoids the policy, notwithstanding such answers may
have been immaterial to the risk. Giving full force and effect to such
rule and to such interpretation, we think it ought not to be held
that the answers made to the questions propounded to the deceased in

the application in this case were false, as matter of law, and thus avoided the policy of insurance. The facts, stated most favorably to the defendant, indicate that the deceased, within two years prior to his application for insurance, had some slight illness or indisposition. Without his knowledge, his wife called a physician. So far as appears, the deceased made no inquiry or suggestions as to his ailment or the proper course of treatment, but the physician called made some suggestions as to the remedies which should be applied, and the course of diet which should be followed. Whether or not the medicine was taken, or whether the suggestions as to diet were followed, does not appear. At all events, on the morning following the deceased resumed his ordinary occupation, apparently was in good health and strength, and continued so to be when the application for insurance was made, and until shortly before his death. We think, under all the circumstances disclosed by the evidence, it cannot be held, as matter of law, that the answers contained in the application were false, and therefore avoided the policy, but that, at most, they were questions of fact for the jury, and that, under the stipulation referred to, the plaintiff was entitled to assume that such questions of fact would be decided favorably to her.

The law applicable to the questions involved in this case is well settled. The application, by the terms of the policy, was made a part of it, and the answers contained in the application were made warranties; and, of course, it is well settled that, if such answers were false, their falsity avoided the policy, independent of the question whether they were material or not; so that the only question presented is whether or not the answers to the questions contained in the application were, as matter of law, false. Such questions and such answers must be interpreted reasonably. Applying the rule of reasonable interpretation, we think it cannot be said that the answers made by the deceased to the questions propounded in the application were false, as matter of law. It follows that the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide event. All concur, except WILLIAMS, J., dissenting.