## 11682. JONES *v.* THE STATE.

In view of the defendant's statement at the trial and of his counsel's request to the court to charge the law of voluntary manslaughter, it is not cause for a new trial that the court charged the jury on that subject.

DECIDED NOVEMBER 9, 1920.

Indictment for murder — conviction of manslaughter; from Carroll superior court — Judge Terrell. June 15, 1920.

*Smith & Smith,* for plaintiff in error.

*C. E. Roop, solicitor-general,* contra.

BLOODWORTH, J. The accused was indicted and tried for murder and was convicted of voluntary manslaughter. The only ground of the amendment to the motion for a new trial alleged that the court erred in charging the law of voluntary manslaughter. In approving the ground of the amendment to the motion for a new trial, the court certified that "movant's counsel asked me to charge the law of voluntary manslaughter, in view of defendant's statement." In the brief of counsel for plaintiff in error he says that in view of the certificate on the amended motion by the presiding judge "we deem it useless to call the court's attention to the ground of the amended motion." The verdict is in conformity to that portion of the charge in reference to voluntary manslaughter. This charge was given at the request of counsel for defendant and was based on his statement, and a new trial will not be granted because of this charge. See *Threlkeld* v. *State,* 128 *Ga.* 660 (1) (58 S. E. 49), and citations; *Partee* v. *State,* 19 *Ga. App.* 753 (3) 757 (92 S. E. 306), and cases cited. The evidence would have supported a verdict of murder, and the plaintiff in error is fortunate in getting off with a lower verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*