21194.   NEW YORK LIFE INSURANCE CO. *v.* TARBUTTON.

DECIDED MARCH 2, 1932.

*A. S. Bradley, A. S. Bradley Jr.*, for plaintiff in error.
*C. S. Claxton, H. T. Hicks*, contra.

LUKE, J.   Herschel F. Tarbutton brought suit against the New York Life Insurance Company, alleging in part that he had a life-insurance policy with that company which contained a provision whereby the assured would receive $250 per month for total disability; that he was totally disabled for a period of six months because of an ulcerated stomach; that he furnished due proof of his disability, and the defendant company refused to pay him in accordance with the terms of the contract; that he was compelled to employ counsel to collect the amount due; and that the defendant company was indebted to him in the principal sum of

$1500, besides interest, reasonable attorney's fees, and between 10 and 25 per cent. of the principal sum for bad faith. A verdict for $1500 principal, 10% attorney's fees, and 20% as damages for bad faith was rendered. The defendant assigns error on the overruling of its motion for a new trial, and also on the refusal of the court to direct a verdict in its favor.

The controlling issues of fact are whether the plaintiff was totally disabled, and, if so, how long such disability continued. The doctors testified, in substance, that they took x-ray pictures of the plaintiff; that he had an ulcerated stomach; that they treated him for this; that moving about would aggravate the trouble; that an ulcer inside a man's stomach could prove fatal; that the principal treatment was "absolute rest" and a liquid or soft diet; and that the duration of disability would vary with the location of the ulcer in the stomach and the condition of the patient. The plaintiff testified that he became sick, had a hemorrhage, went to the doctor, and the doctor told him to go to bed and take absolute rest, and "not raise up, not even to sit on the side of the bed," and prescribed a soft or liquid diet for him. He testified further: "That sharp pain I had been having, and had been in bed eight weeks, began to ease off, and when I got up it started back again. Sometimes that pain would come every two or three days, and I would have to go to bed and stay two or three hours at the time. This burning sensation kept up until along in June. I lived on this diet for five and a half months before I had any solid food. . . The reason we closed down operation [of plaintiff's business] over there was on account of my illness. . . After I got out of bed I would sit down, around and about, take things easy; that was all I could do. That continued for six months. . . I suffered a great deal of pain when I was taken sick, and suffered during the six months that I was disabled to work. I suffered a great deal of pain after I got out of bed, and still suffer as to that matter. I did not hit a lick of work during that six months because I was not able to. From the time that I was examined by Dr. Brantley and Dr. Thompson I suffered a great deal of pain. Any exertion on my part during that time caused me pain. I remember on one occasion I brought in a scuttle of coal and had four hemorrhages; that was when I had been out of bed three weeks. I followed the diet under Dr.

Brantley's instructions. I followed it specifically for five months. During that five months I continued to have pains in my stomach. From my condition as aforesaid I was not physically able to perform any work during a course of six months. I possibly could have lain in bed and knitted if I had known how, but I was not able to do any physical work without vomiting up blood and having hemorrhages." The jury accepted this evidence as true, and it was sufficient to show total disability for a period of six months.

The 4th (1st special) ground of the motion for a new trial complains that the court erred in admitting the following testimony of the plaintiff: "From my condition aforesaid I was not physically able to perform any work during a course of six months." This ground is too incomplete to be considered. The statement that "I was not physically able to perform any work during a course of six months" was based upon "my condition aforesaid." What was that condition? The ground does not answer this vital question, and this court, in order to determine it, would have to search through the brief of evidence.

Ground 5 of the motion (complaining of the court's refusal to give certain requested instructions to the jury) is too defective to raise any question for consideration, since it is not alleged in the ground that the requested instructions were pertinent and applicable to the facts of the case. *Pope* v. *Callaway*, 39 *Ga. App.* 70 (4) (146 S. E. 518).

The excerpt from the charge complained of in ground 6 of the motion is not erroneous for any reason assigned. The excerpt is in the exact language of the Supreme Court in the case of *Cato* v. *Ætna Life Ins. Co.*, 164 *Ga.* 392 (138 S. E. 787), the second headnote of which is as follows: "Total disability exists when one is wholly disabled from pursuing the usual and customary duties of his employment on which he depends for a living." And in the opinion the court said: "The courts in most jurisdictions hold that 'total disability' is inability to do substantially all of the material acts necessary to the transaction of the insured's business or occupation, in substantially his customary and usual manner. . . Total disability does not mean absolute physical inability to work at one's occupation, or to pursue any occupation for wages or gain; but it exists if the injury or disease of the insured is such that common care and prudence required him to

desist and he did in fact desist from transacting his business. It is sufficient if the insured's sickness was of such a character that ordinary care required or authorized him to desist and he did desist from performing the labors incident to his occupation; in such circumstances total disability exists."

The 7th ground of the motion complains of the following charge: "If . . you believe that Mr. Tarbutton, the plaintiff in this case, is entitled to recover, the form of your verdict would be 'We, the jury, find in favor of the plaintiff $1500 principal.'" The trial court, in the order allowing the amendment to the motion, said: "This amendment is hereby allowed and ordered filed and the recitals of fact approved as true, with the exception that counsel for plaintiff and defendant agreed in open court during the trial of said case that plaintiff was entitled to recover fifteen hundred dollars principal or nothing." It will thus appear that the ground is not unqualifiedly approved; and in addition thereto that the plaintiff in error seeks a reversal for an alleged error which it has invited. See *Quattlebaum* v. *State,* 119 *Ga.* 433(2) (46 S. E. 677); *Partee* v. *State,* 19 *Ga. App.* 752(2) (92 S. E. 306); *Jones* v. *State,* 25 *Ga. App.* 749 (104 S. E. 918).

There is no merit in the assignment of error upon the refusal of the court to direct a verdict in favor of the defendant. Such a refusal, under repeated rulings of the Supreme Court and of this court is never error.

While the evidence authorized the jury's finding that the plaintiff was totally disabled for a period of six months, it did not demand such a finding. This is admitted by counsel for the defendant in error, for they say in their brief: "There was an issue of fact as to whether the insured [the plaintiff] had sustained a total disability which prevented him from pursuing his occupation, as stated by the record, and the court properly left the matter to the decision of the jury." We think that this question was a close one, under the facts of the case and the law pertaining thereto, and that the defendant had the right to seek an adjudication thereof by the courts without being penalized for so doing. In our opinion there is nothing in the transcript of the record authorizing a finding that the defendant's refusal to pay the plaintiff's claim was in bad faith. See, in this connection, *Globe Ins. Co.* v. *Poolas,* 36 *Ga. App.* 767(2) (138 S. E. 336); *Continental Ins. Co.* v. *Wells,*

38 *Ga. App.* 99 (142 S. E. 900) ; *Southern Ins. Co.* v. *Ray,* 40 *Ga. App.* 262 (149 S. E. 304). If the plaintiff, when the remittitur from this court is made the judgment of the trial court, will write off from the verdict and judgment the sum of $450 (the amount returned for damages and attorney's fees), the judgment will be affirmed; otherwise it will be reversed. The costs of bringing the writ of error to this court are taxed against the defendant in error.

*Judgment affirmed on condition. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*