22014.   FEDERAL LIFE INSURANCE COMPANY v. SUMMERGILL.

STEPHENS, J.   1. The term "medical or surgical attention" in questions propounded to the applicant for a sick-benefit insurance policy, as to whether he had received "medical or surgical attention within the past five years," means medical or surgical attention for some illness or disease of substantial importance or of a serious nature, and not consultation, treatment, or attendance concerning some trivial or temporary indisposition or feeling which has passed away without affecting the general health.   Crosby v. Security Mutual Life Ins. Co., 86 App. Div. 89 (83 N. Y. Supp. 140) ; Couch on Insurance, § 889.   On the trial of a suit to recover upon a sick-benefit policy where the defense was that by virtue of a provision in the policy that "fraud or concealment in obtaining" the policy should render the policy void, certain representations made by the insured in the application for insurance which was attached to and became a part of the policy, and which the applicant covenanted to be true, were false, and that therefore the policy was void; where the insured, in the application, stated that the medical or surgical attention which had been received by him during the past five years was an operation for appendicitis in which he was attended about three weeks by a named physician, that he had fully recovered, that he had never had any serious illness or disease, that there had never been any consumption or insanity in his family, and that he was in sound condition mentally and physically; that these statements were false in that the insured had been treated by a physician other than the one named, and had had pleurisy and tuberculosis, which were serious diseases; and where there was evidence that the insured had on several occasions consulted a physician other than the one named in the application, that he consulted the physician for a cold and flu, and it developed that he had a mild form of pleurisy, and the physician "strapped" his side, that the insured was not confined to his bed, that the physician did not give him any prescription or medicine or advise him to go to bed, that he worked the entire time, that his side afterwards cleared up; that on another occasion the physician called to see him and found him sleeping, and the insured was afterwards told that he was delirious, that the physician gave the patient some cough medicine; that on another occasion he visited the physician for pains in his side and chest, and he coughed; that the physician did not tell him that he might have tuberculosis, but later told him that he had scars on the lung and that that was not anything to worry about, because ninety per cent. of people are so affected; that the physician did not tell the insured about cavities in his lungs; that the insured had chronic tonsillitis; that the physician advised him to have an x-ray taken, and another physician made an x-ray; that these visits to the physician were casual visits, and the physician did not recommend any medicine or give him any medical treatment, and at no time did he lose any time from his work; and while this physician whom the insured consulted testified that he found that the insured had pleurisy, which was an inflammation of the covering of the lung, and had a temperature of 100 degrees, and gave him medicine and told him to stay in bed, and that his general appearance "would indicate that he might have

had tuberculosis," and after the x-ray was made and the physician had again examined the insured thoroughly and diagnosed the insured's case to be pulmonary tuberculosis, and so informed the insured, the doctor's testimony as respects informing the insured that he had tuberculosis and as to prescribing for the insured and giving him medicine was in conflict with other testimony in the case, and that these matters were material; and where there was also evidence that since the examination by the physician referred to another physician examined the plaintiff for life insurance, and at that time made a special examination of chest, heart, and lungs for tuberculosis, and found no evidence of tuberculosis, and found him in good physical condition, and that he was absolutely all right at that time, and recommended him for life insurance, the inference is not demanded as a matter of law, from the testimony of the physician, that the plaintiff had pleurisy or tuberculosis, or that he treated the plaintiff for an illness or disease of substantial importance or of a serious nature; but the evidence authorizes the inference that the insured was treated by the doctor for a trivial or temporary indisposition which had passed away without affecting his general health, and therefore that the insured had not had a serious illness or disease and was at the time in sound condition mentally and physically. The evidence authorizes the inference that the insured made no misrepresentation of a material fact.

2. An exception to a charge of the court to the jury, that "the defendant contends that certain answers by the plaintiff were not true and were known to be untrue when made," as erroneous in that it was not a contention of the defendant that the insured knew that the answers in the application were untrue, shows no error and presents nothing for consideration, where it does not appear either in the assignment of error or in the record that the court did not elsewhere in the charge submit to the jury the issue as to whether or not the statements made in the application were true, without reference to whether or not the plaintiff in making the application had any knowledge respecting the falsity of the answers.

3. There being no insistence by the defendant that the verdict for the plaintiff was unauthorized, except upon the ground that the plaintiff's representations were untrue, and there appearing no error as insisted upon in the special grounds of the motion for a new trial, the verdict and judgment for the plaintiff were authorized, and the court did not err in overruling the certiorari.

> Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.

> DECIDED OCTOBER 1, 1932.

*Dillon, Calhoun & Dillon, Ralph R. Quillian,* for plaintiff in error.

*Smith, Hammond, Smith & Bloodworth, A. A. Baumstark, W, L, Bryan,* contra.