22138, 22139.   JACKSON *v.* SECURITY INSURANCE COMPANY; and *vice versa.*

DECIDED SEPTEMBER 29, 1933.

*G. S. Peck, Paul S. Etheridge & Sons,* for plaintiff.
*George B. Rush,* for defendant.

GUERRY, J.   This court certified to the Supreme Court the following question: "Where a general demurrer to a petition was overruled by the trial court, and that judgment was subsequently reversed by this court, did the trial court have the authority, *before* the remittitur was transmitted from this court to the trial court, to allow an amendment to the petition?" The Su-

preme Court answered this question as follows: "'When the judgment of a trial court overruling a demurrer to a declaration is reversed by this court, the plaintiff has the right to offer an amendment to the declaration at any time before the order is passed making the judgment of this court the judgment of the trial court.' *Savannah, Florida & Western Ry. Co.* v. *Chaney,* 102 *Ga.* 815, 817 (30 S. E. 437)." 177 *Ga.* 631 (170 S. E. 787). Under the rulings made by the Supreme Court in answer to the certified question, the amendment to the petition on July 3, 1931, before the filing of the remittitur from this court on July 6, 1931, was properly allowed. The court, therefore, did not err in vacating the judgment on the remittitur entered July 6, 1931. It also follows that it was error for the trial court to sustain the demurrer and dismiss the petition as amended.

■ ■ It becomes necessary to consider so much of the cross-bill as raises the question as to whether the amendment offered set out a new and distinct cause of action, and was for that reason objectionable. The original petition, being an action on a fire-insurance policy, failed to allege that the fee-simple title to the property insured was in the plaintiff, nor did it allege or plead any waiver thereof by the insurer. It did allege that the plaintiff was the owner of the property insured. See *Security Insurance Co.* v. *Jackson,* 43 *Ga. App.* 13 (158 S. E. 457). This court, in the above-cited case, in passing on a demurrer to the petition on the ground that the petition did not set out any cause of action, in that the policy showed on its face that it was void unless the fee-simple title to the property insured was in the plaintiff, and that the allegations of the petition were not specific as to such ownership, said: "The petition was not amended to meet these grounds of demurrer, and there was no allegation in the petition that the insurance company or any of its agents knew at the time of the issuance of the policy sued on that the insured did not own the land in fee simple; nor was there any allegation in the petition as finally amended that the company had waived that provision of the policy. The petition was subject to the above-quoted grounds of demurrer, and should have been dismissed if not amended to meet them." The court there held that it was error to overrule the demurrer. Before the remittitur of this court was transmitted to the lower court or made the judgment of that court

the petition was amended as follows: "Petitioners show that they did not own the land on which said building was located, but occupied same and erected said building thereon under the terms of a lease, but that at the time the application for said policy of insurance was made, defendant through its agent, C. G. Aycock Realty Company, and through E. D. Crane, an employee of said C. G. Aycock Realty Company, he being the person who solicited and obtained said policy of insurance, had notice of the fact that said building was erected on leased ground." "That at the time of solicitation, application and issuing of said contract of insurance said E. D. Crane was an employee of C. G. Aycock Realty Company, the duly authorized agent of the defendant and the employee soliciting said insurance, and that he acquired said knowledge prior to the issuance of said policy." "That on account of the fact that at the time of issuing said policy defendant knew that said building was erected on leased ground, it is now estopped from denying or setting up a noncompliance of plaintiffs with the condition of the policy that the policy would be void 'if the subject of insurance be a building on ground not owned by the insured in fee simple.'" An amendment to this last-quoted paragraph was subsequently offered by the plaintiff which did not substantially change the meaning of the paragraph and which we do not think it is necessary to quote here. A petition may be subject to demurrer as not setting out a complete cause of action and yet set out enough to amend by. Counsel for both sides have cited *Ellison* v. *Georgia R. Co.*, 87 *Ga.* 691 (13 S. E. 809). In the opinion in that case it was said: "Amendment is a resource against waste. It proceeds on the principle that it is better to preserve what has been done and improve it than to throw it away. There is as much reason for correcting important defects as the less important, and those of substance as those of form." It was further said: "But when the amendment needed is one of substance itself, 'enough to amend by' does not mean the same as 'enough to be good in substance without amendment.'" "Enough to amend by in matter of substance, in aid of an incomplete cause of action, is the least amount of substance in a declaration which will serve to show that, according to the original design of the pleader, what is offered to be added rightly belongs to the cause of action which he meant to assert, and that the addition proposed would make the

cause of action complete." Applying the above rules, can it be doubted that there was in the mind of the pleader an intention to declare on a policy of insurance, and that what was added by way of amendment was but "clothing the skeleton" and making it set out fully the cause of action originally declared upon? The amendment was not subject to the demurrer urged.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. Broyles, C. J., and MacIntyre, J., concur.*