## 23201. NEW YORK LIFE INSURANCE COMPANY *v.* WATSON.

DECIDED JANUARY 10, 1934.

*A. S. Bradley, A. S. Bradley Jr.,* for plaintiff in error.
*Burch & Daley,* contra.

BROYLES, C. J. This was a suit upon a policy of life insurance. Upon the trial, counsel for the defendant stated in open court that they were not defending the case upon the ground of actual fraud

on the part of the insured, nor upon the ground of unpaid premiums; and the record shows that the defense was based on the following grounds: first, that the insured in his application for the insurance, made material misrepresentations of facts, which changed the character or extent of the risk; and second, that the contract of insurance never became effective, because the insured had breached the following provision (which was a condition precedent) in the application for the policy: "It is mutually agreed as follows: that the insurance herein applied for shall not take effect unless and until the policy is delivered to and received by the applicant, and the first premium thereon paid in full during his lifetime, *and then only if the applicant has not consulted or been treated by any physician since his medical examination.*" (Italics ours.) It was the contention of the defendant that the foregoing italicized portion of the quoted provision was breached by the plaintiff in that he had consulted and been treated by physicians since his medical examination and before he received the policy. The jury returned a verdict in favor of the plaintiff for the full amount sued for, to wit, $2000 principal, $154.39 interest, $300 penalty for bad faith, and $400 for attorney's fees. The defendant's motion for a new trial was overruled, and the case was brought to this court.

Where a policy of life insurance has been issued, misrepresentations of facts made by the insured in his application for the insurance will not void the policy unless the misrepresentations are material and change the character, extent, or nature of the risk. Civil Code (1910), § 2479. "A material representation is one that would influence a prudent insurer in determining whether or not to accept the risk, or in fixing the amount of the premium in the event of such acceptance" (*Life Ins. Co.* v. *Pate,* 23 *Ga. App.* 232 (2), 97 S. E. 874); and in a suit upon the policy the burden of showing that the representations made by the insured in his application were material and untrue is on the defendant (*O'Connell* v. *Supreme Conclave,* 102 *Ga.* 143 (2), 28 S. E. 282, 66 Am. St. R. 159), and such questions are "generally issues of fact, for determination by the jury." *Life Ins. Co.* v. *Pate,* supra. Under the foregoing rulings and the facts of the instant case, the jury were authorized to find that the misrepresentations of facts made by the insured in his application for the insurance were not of such a character as to change the extent or nature of the risk. The other defense pre-

sented by the defendant, to wit, that the contract of insurance had never taken effect, because the insured had breached a condition precedent thereto by consulting and being treated by physicians after his medical examination and before the delivery of the policy, is not so easily disposed of. The able counsel for the defendant contend that the condition precedent was breached if the insured, within the time specified, had *any* consultation with or *any* treatment by a physician, whether or not such consultation or treatment was in regard to some substantial and serious illness, or to a mere trivial and temporary indisposition which did not affect his general health and which was not material to the risk. This question is of great importance, and the correct answer thereto is not readily found. However, in our opinion, the defendant's contention is not sound. As was said by this court in *Federal Life Ins. Co.* v. *Summergill,* 45 *Ga. App.* 829 (166 S. E. 54), "The term, 'medical or surgical attention,' in questions propounded to the applicant for a sick-benefit insurance policy, as to whether he had received 'medical or surgical attention within the past five years,' means medical or surgical attention for some illness or disease of substantial importance or of a serious nature, and not consultation, treatment, or attendance concerning some trivial or temporary indisposition or feeling which has passed away without affecting the general health." While the facts of that case are not on "all fours" with those of this case, we think that the ruling is applicable thereto and should be followed. And in the instant case the evidence amply authorized the jury to find that any consultations with or treatments by physicians, which the insured may have had after his medical examination and before the delivery of the policy, concerned some slight and temporary indisposition which did not seriously affect his health or increase the risk of the insurer.

It follows, from what has been said, that the defendant company did not carry the burden, assumed by it, of showing that the policy had been voided; and that a verdict in favor of the plaintiff for the amount of the principal and interest sued for was authorized; and none of the special assignments of error shows cause for a reversal of the judgment.

However, the transcript of the record does not disclose that the insurer's refusal to pay the plaintiff's claim was frivolous or unfounded in law or in fact, or that the defendant was stubbornly

214

litigious and subjected the plaintiff to unnecessary trouble or expense. The legal questions involved in this case are not easy of solution and are of such a character as to acquit the defendant of bad faith in refusing to pay the claim. See, in this connection, *Phenix Ins. Co. v. Clay,* 101 *Ga.* 331(3), 336 (28 S. E. 853, 65 Am. St. R. 307); *Northwestern Ins. Co. v. Ross,* 63 *Ga.* 199; *Cotton States Life Ins. Co. v. Edwards,* 74 *Ga.* 220, 231; *Massachusetts Benefit Life Asso. v. Robinson,* 104 *Ga.* 256(12), 291 (30 S. E. 918, 42 L. R. A. 261). Therefore, that portion of the verdict assessing damages and attorney's fees against the defendant was un-authorized; and the judgment is affirmed upon condition that the plaintiff write off from the verdict and judgment the sum of $700 —the amount returned for damages and attorney's fees; otherwise the judgment is reversed. The costs of this writ of error are taxed against the defendant in error. See *German American Life Association v. Farley,* 102 *Ga.* 720(6) (29 S. E. 615); *Mass. Ben. Life Asso. v. Robinson,* supra; *New York Ins. Co. v. Tarbutton,* 45 *Ga. App.* 97, 101 (163 S. E. 229); *Anderson v. Beasley,* 169 *Ga.* 720 (151 S. E. 360).

*Judgment affirmed on condition. MacIntyre and Guerry, JJ., concur.*