23552. METROPOLITAN LIFE INSURANCE COMPANY
*v.* McKEE.

DECIDED SEPTEMBER 19, 1934.

*Smith, Smith & Bloodworth,* for plaintiff in error.

*Breen, Finch & Padgett, A. J. Hall, W. C. Henson,* contra.

JENKINS, P. J.  In a suit to recover total-disability benefits under an insurance policy, which in effect provides that the disability resulting from bodily injury must be total and permanent, so as to prevent the insured from pursuing any occupation for compensation or profit, "total disability exists when one is wholly disabled from pursuing the usual and customary duties of his employment on which he must depend for a living. . . But when the insured is incapacitated from performing any substantial part of his ordinary duties, a case of total disability is presented, although he is still able to perform some parts of his work. . . The courts in most jurisdictions hold that 'total disability' is inability to do substantially all of the material acts necessary to the transaction of the insured's business or occupation, in substantially his customary and usual manner. . . Total disability does not mean absolute physical inability to work at one's occupation, or to pursue any occupation for wages or gain; but it exists if the injury or disease of the insured is such that common care and prudence required him to desist and he did desist from performing the labors incident to his occupation; in such circumstances total disability exists." *Cato v. Ætna Life Ins. Co.,* 164 *Ga.* 392 (4), 398 (138 S. E. 787). These principles were followed in *N. Y. Life Ins. Co.* v. *Oliver,* 45 *Ga. App.* 756 (165 S. E. 840) ; *N. Y. Life Ins. Co.* v. *Thompson,* 45 *Ga. App.* 638, 640 (165 S. E. 847) ; *N. Y. Life Ins. Co.* v. *Tar-*

*button,* 45 *Ga. App.* 97, 99 (163 S. E. 229). "The fact that the insured attempted for a season to discharge the duties of his employment, before ascertaining his inability to do so and refraining from such employment should not prevent a recovery for benefits thereafter accruing under the provisions of the policy" (*Marchant* v. *N. Y. Life Ins. Co.,* 42 *Ga. App.* 11 (4), 155 S. E. 221) ; and the fact that after the termination of employment because of the injury the insured "did some light work for another company for two or three weeks at a greatly reduced wage, and that on account of his inability to perform the work by reason of his disability he was discharged, does not of itself show that the insured was not totally disabled at the time he terminated his employment and at the time he filed the suit against the insurer, and that such total disability was not permanent and continuous. *Travelers Ins. Co.* v. *Sanders,* 47 *Ga. App.* 327 (3) (170 S. E. 387).

Accordingly, a verdict was not demanded for the defendant insurer in this case upon the issue of total disability of the insured, there being evidence for the plaintiff authorizing findings that, prior to the injuries to his hip, back, and leg by an automobile, he was an automobile mechanic, 75 per cent. of whose duties required the performance of manual or muscular labor, including the lifting of heavy parts; that after the injury, when he attempted to work at his occupation with another employer, he was discharged in less than a week, because of his inability to do the lifting and heavy manual work required; and that thereafter, during the period of disability included in the suit, he had not performed and could not satisfactorily and efficiently perform the regular duties of his occupation upon which he relied for a livelihood, but remained at home to assist his wife in light domestic work. The fact that, under the evidence, the plaintiff, before that period, attempted unsuccessfully to run a garage for a short time, and to peddle medicine for two or three weeks for a drug company on commission, work for which he was not equipped, would not have defeated a recovery and deprived the jury of the right to determine, under all the evidence whether the injury was a total or partial disability. The defendant's motion containing no special grounds, there was no error in refusing a new trial.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*