23788. METROPOLITAN LIFE INSURANCE COMPANY v. PACK.

JENKINS, P. J.  1. In this suit for total-disability benefits under a group accident and health insurance policy, the similar total-disability clauses in the policy, the conflicting evidence as to whether there was total disability within the meaning of the policy, and the evidence as to the plaintiff's performance for a short time of duties requiring little or no manual labor outside of his occupation, show substantially the same facts as in *Metropolitan Life Ins. Co.* v. *McKee*, ante, 523, and the general grounds of the defendant insurer's motion for a new trial are controlled by that decision and the rulings in *Cato* v. *Ætna Life Ins. Co.*, 164 *Ga.* 392 (138 S. E. 787), upon which it was based.

2. The related special ground that the court erred in charging the jury that, "when the insured is incapacitated from performing any substantial part of his ordinary duties, a case of total disability is presented, although he is still able to perform some parts of his work," shows no error prejudicial to the defendant. The quoted language is a verbatim statement of part of the third paragraph of the syllabus in the *Cato* case, supra. Although this instruction might ·have been confusing and erroneous in its failure to distinguish total from partial disability and to fully define total disability, if it stood alone, it was immediately preceded by a quotation of the language of the Supreme Court in the *Cato* case (164 *Ga.* 398), and it was immediately followed by a quotation of the remainder of the third paragraph, and the second, fourth, and fifth paragraphs of the syllabus, wherein the law was fully stated.  The jury were thus informed that "total disability exists when one is wholly disabled from pursuing the usual and customary duties of his employment on which he must depend for a living," that "total disability is the antithesis of partial disability," and "the insurer is not liable as for a total disability when the accident or disease has merely prevented the insured from doing as much in a day's work as before," that "such lessened earning capacity may be a case of partial disability, but not a case of total disability," and that "total disability is inability to do substantially all of the material acts necessary to the transaction of the insured's business or occupation, in substantially his customary and usual manner."

3. The contention under the general grounds that a verdict was demanded for the defendant company because the evidence did not show a proper written notice and proof of disability to the company is nullified by the statement of the court to the jury, to which no exception was taken, that the defendant contended that "no claim for total and permanent disability was ever presented to the defendant prior to November 23, 1931, and for that reason he [the plaintiff] has not complied with the terms of the policy," but that, "under the evidence submitted in this case, . . the plaintiff in this case did prior to that and under the terms of the policy give the notice as required under the terms of the policy, and that question is withdrawn from your consideration entirely;" and the further statement, to which no exception was taken, that "the sole question for your determination in this case is as to whether the plaintiff in the case is totally and permanently disabled

within the provisions of this policy." The case having been determined solely upon that issue, and the question which it is now sought to raise having been entirely withdrawn from the jury under the evidence before the court, without any objection or exception, this court will not now examine the entire record to determine what, if any, notice or proof of disability was given to the defendant, and when, whether this was sufficient under the policy, and if not, whether there was any waiver or estoppel which would avoid the necessity of showing such notice.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED SEPTEMBER 19, 1934.

*R. Carter Pittman, Sapp & Maddox,* for plaintiff in error. *Julius Rink,* contra.