24079, 24094.   LINER *v.* TRAVELERS INSURANCE COMPANY; and *vice versa.*

SUTTON, J.   1. The question whether a person is totally disabled, within the meaning of the terms of a certificate of group life insurance providing that certain benefits will be paid to the certificate holder when he shall "become disabled by bodily injuries or disease, and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit," is generally for the jury to determine; and where in a suit on a certificate of such insurance, containing the above clause, the insurer files a plea in abatement, alleging that it was incumbent upon the plaintiff, as a condition precedent to his right to maintain a suit on the certificate, to submit to it due proof of total disability, and that the plaintiff had not filed proof showing that he was totally disabled, within the meaning of that term as defined in the certificate, but that it appeared from the proof submitted that the plaintiff was not so totally disabled, and it appeared from the evidence adduced upon the trial of the plea that the jury would have found that the plaintiff, while working in July, 1931, fell and injured his back, resulting in a hernia, that he worked until December, 1931, when he was operated on for the hernia, that as soon as he was able after the operation he returned to work and worked until April, 1932, when he could work no longer on account of his injury, and that he had been totally disabled since then from pursuing the work which had theretofore been performed by him, it was error for the trial judge to direct the jury to find in favor of the insurer on this issue raised by the plea in abatement. *Travelers Insurance Co.* v. *Sanders*, 47 *Ga. App.* 327 (170 S. E. 387), and cit.; *Metropolitan Life Insurance Co.* v. *McKee*, 49 *Ga. App.* 533 (176 S. E. 118); *Metropolitan Life Insurance Co.* v. *Pack*, 49 *Ga. App.* 535 (176 S. E. 119); *Prudential Insurance Co.* v. *South*, 179 *Ga.* 653 (177 S. E. 499). This is true although the two written statements of the doctors attending the plaintiff, attached to his statement, did not show the disability as claimed.

2. Total disability exists when one is wholly disabled from pursuing the usual and customary duties of his employment on which he must depend for a living; and this is so even though the policy sued on provides that the disability must be total and permanent so as to prevent the insured from pursuing any occupation for compensation or profit. *Metropolitan Life Ins. Co.* v. *McKee,* supra. "The fact that the insured attempted for a season to discharge the duties of his employment, before ascertaining his inability to do so and refraining from such employment, would not prevent a recovery for benefits thereafter accruing under the provisions of the policy." *Marchant* v. *New York Life Insurance Co.,* 42 *Ga. App.* 11 (4) (155 S. E. 221); *Travelers Ins. Co.* v. *Sanders,* supra.

3. The court sustained in part the plaintiff's demurrer to the plea in abatement interposed by the defendant. To this judgment the insurer excepted pendente lite, and error is assigned thereon in the cross-bill of exceptions. Plaintiff was the holder of a certificate of group insurance which depended upon the existence of a master group policy of insurance between his employer and the insurance company. The fact that the plaintiff did not pay any premiums on this insurance, but that the certificate was issued to him by his employer because of his employment, and the premiums were paid by his employer, and the fact that the certificate depended upon a master policy between his employer and the insurer would not render the insurance not binding upon the insurer. The same was not a mere gratuitous undertaking, unilateral, without consideration, and therefore not binding upon the insurance company. "If there be a valid consideration for the promise, it matters not from whom it is moved; the promisee may sustain his action, though a stranger to the consideration." Civil Code (1910), § 4249. The benefits under this contract were to be received by the plaintiff, the consideration therefor was paid by his employer, and the party receiving the consideration and promising to confer the benefits was the defendant insurance company. The contract was binding upon the insurance company.

4. The plaintiff contends that he became totally disabled on April 22, 1932. The certificate of insurance originally provided that in the event of total disability the amount thereof was payable in a single payment or in installments as therein provided at the election of the employer. On August 2, 1932, the insurer with the consent of the employer amended the master group contract, on which this certificate was based, so that in the event of total disability, the insurance was payable only in installments as therein provided. The insurer, in that part of its plea in abatement to which the plaintiff's demurrer was sustained, insists that this amendment was effective as to the plaintiff and the certificate held by him, and that the plaintiff therefore could not bring the present action, which was for the full amount of the insurance, and in which the plaintiff set up that his employer had refused to elect, as provided in the certificate, the manner in which the insurance was to be paid. So far as the record shows, no stipulation appears in the certificate or the master group policy authorizing a change to be made in the certificate or in the group contract after a certificate-holder becomes totally disabled under the provisions of the policy; but it does appear from the certificate that where the insured is totally disabled, termination of his employment

does not cancel the insurance. In these circumstances, no change in the manner of payment of the insurance, made after total disability of the certificate holder occurred, would be binding as to him. That a contract made for the benefit of a third person can not be materially modified or changed by the other parties thereto without his consent, where the contract has been accepted and acted upon by him, and, as in the instant case, where the event insured against has happened, seems to be the law. 13 C. J. 590, 591, 602, §§ 604, 605, 625; 32 C. J. 1142, 1164, §§ 250, 276. The plaintiff claimed to have become totally disabled on April 22, 1932. He furnished the insurer with proof thereof on March 20, 1933, which was within the time provided. He made demand on his employer for an election as to how suit should be brought and his employer failed and refused to so elect. He brought the present action on September 27, 1933, in accordance with the provision of the certificate of insurance that such insurance was not payable until six months after furnishing proof of disability to the insurer. It follows that the trial judge did not err in sustaining the demurrer to so much of the plea in abatement as set up that the plaintiff could not maintain this suit for the full amount of insurance payable upon total disability.

5. The court properly overruled the demurrer to the petition in this case. Under the rulings stated above, the petition set out a cause of action. Where the plaintiff submitted proof of disability and the defendant insurance company waited six months and then refused payment, it was a question for the jury to determine whether the refusal to pay was in bad faith or not, and whether the plaintiff was entitled to recover the damages and attorney's fees set forth in the Civil Code (1910), § 2549. *Continental Aid Asso.* v. *Hand,* 22 *Ga. App.* 726 (97 S. E. 206).

6. Therefore, the trial judge having erred in directing a verdict for the defendant on the plea in abatement, it was error to overrule the plaintiff's motion for a new trial.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 24, 1934. ADHERED TO ON REHEARING,

FEBRUARY 16, 1935.

*F. M. Gleason,* for plaintiff.
*Finlay & Campbell, Maddox, Matthews & Owens,* for defendant.