24495, 24514. RUTLAND *v.* OLIVER; and *vice versa.*

DECIDED MAY 3, 1935.

*Mitchell & Mitchell,* for plaintiff in error.
*Butler & McCollister, Durwood T. Pye,* contra.

BROYLES, C. J. 1. When this case was here before, this court held that the trial judge erred in overruling the general demurrer to the affidavit of illegality. 48 *Ga. App.* 326 (172 S. E. 660). On January 29, 1934, and before the remittitur from this court had reached the trial court, the defendant offered an amendment to the affidavit of illegality, and on the same day the court ordered the amendment filed and "allowed subject to objection by plaintiff." On February 7, 1934, and before the remittitur had arrived at the trial court, the plaintiff filed his objections to the allowance of the amendment, and on the same day the court ordered that the defendant in execution show cause on February 17, 1934, "why the objections should not be sustained and the amendment disallowed." On February 9, 1934, the remittitur reached the trial court and on the same day was made the judgment of that court. On April 21, 1934, the court passed an order allowing the amendment, and the plaintiff excepted in a cross-bill of exceptions.

The majority of the court are of the opinion that the amendment was properly allowed. The writer thinks that since the remittitur from this court had been made the judgment of the trial court *before* the amendment was *finally* allowed, the case was out of court, and the trial judge, in the absence of a revocation of the

order on the remittitur, was without authority to allow the amendment. *Jackson* v. *Securities Ins. Co.*, 47 *Ga. App.* 626(2) (171 S. E. 301); *S., F. & W. Ry. Co.* v. *Chaney*, 102 *Ga.* 814, 816 (30 S. E. 437); *Cooper* v. *Portner Brewing Co.*, 113 *Ga.* 1, 3 (38 S. E. 347); *Berrien County Bank* v. *Alexander*, 154 *Ga.* 775, 777-778 (115 S. E. 648).

2. However, it is the unanimous opinion of the court that under the facts of the case the trial judge did not err in sustaining the general demurrer to the affidavit of illegality as amended. Counsel for the plaintiff in error contend in their brief that the judge, "after overruling a motion to strike the affidavit as amended," had no authority to sustain a general demurrer to the amended affidavit. This contention is without merit since the record shows that the motion denied was a motion to strike the *amendment* to the affidavit and not a motion to strike the *affidavit* as amended.

*Judgment affirmed on both bills of exceptions. MacIntyre and Guerry, JJ., concur. Broyles, C. J., concurs in the judgment of affirmance on the main bill of exceptions, but dissents from the judgment on the cross-bill of exceptions.*