25452. BULLARD *v*. PRUDENTIAL INSURANCE CO.

DECIDED JULY 7, 1936. REHEARING DENIED JULY 24, 1936.

*G. W. Langford, S. W. Fariss*, for plaintiff.

*Spalding, Sibley, Troutman & Brock, Rosser & Shaw, Estes Doremus*, for defendant.

STEPHENS, J.   James Bullard sued Prudential Insurance Company of America, to recover under a policy of insurance.   It was alleged in the petition that while he was insured against total and permanent disability under the provisions of a group policy issued by the defendant to Crystal Springs Bleachery Company, and of a certificate issued to him thereunder, he became wholly, continuously, and permanently unable to perform any work for any kind of compensation of financial value during the remainder of his lifetime, by reason of having lost one of his feet and the lower third of his leg; that he was at the time in the employment of the bleachery company as a weaver, that "he is continuously, wholly, and permanently unable to perform the duties of a weaver in a cotton-mill;" and that he is entitled to recover of the defendant the principal sum of $1000, as provided in the certificate and the group policy.   The defendant denied liability under the terms of the group policy and the certificate.   At the close of the plaintiff's evidence the court, on motion, granted a nonsuit.   This judgment was excepted to by the plaintiff.   As appears from the record and the briefs of counsel, the only issue raised in the trial was whether the plaintiff's disability was total and permanent within the meaning of the contract of insurance.   The group policy and the plaintiff's certificate declared the total disability payable if the insured employee should become totally and permanently disabled, either physically or mentally, to such an extent that he (or she) was rendered wholly, continuously, and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value during the remainder of his (or her) lifetime, etc.   The evidence showed

that the plaintiff, for three years before the time of his injury, was engaged in the occupation of a weaver in a cotton-mill; that this work required incessant walking and standing; that after being injured he could no longer do the work, and the bleachery company refused to re-employ him, because of his physical incapacity; that he quit school when he was thirteen years old, having completed the sixth grade, and had no other education; that he was nineteen years old when injured; that of various employments which he had tried since losing his leg none had afforded him any approximation of what he had earned before that, and all had been of short duration, etc.

As was held in *Prudential Insurance Co.* v. *South*, 179 *Ga.* 653 (177 S. E. 499), the test is the insured's inability "to pursue his ordinary work or any work of like productivity." Whether this condition existed, notwithstanding the insured may have worked or have been able to work after the accident, was in this case a question for the jury. The evidence therefore presented an issue of fact as respects the totality of the disability, and authorized a verdict for the plaintiff. *Prudential Ins. Co.* v. *South*, 179 *Ga.* 653 (177 S. E. 499); *Liner* v. *Travelers Ins. Co.*, 50 *Ga. App.* 643 (180 S. E. 383); *New York Life Ins. Co.* v. *Thompson*, 50 *Ga. App.* 413 (178 S. E. 389). It was error to grant a nonsuit.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*