25037. SECURITY INSURANCE CO. *v.* JACKSON *et al.*

DECIDED JULY 14, 1936. REHEARING DENIED JULY 31, 1936.

*George B. Rush,* for plaintiff in error.

*Etheridge, Belser, Etheridge & Etheridge, G. S. Peck, Hewitt W. Chambers,* contra.

BROYLES, C. J. This is the fourth time this case has been brought to this court. For its previous appearances see 40 *Ga. App.*

688 (151 S. E. 410); 43 *Ga. App.* 13. (158 S. E. 457); 47 *Ga. App.* 626 (171 S. E. 301). It has also been twice before the Supreme Court. 171 *Ga.* 891 (157 S. E. 93); 177 *Ga.* 631 (170 S. E. 787). The facts have been stated in our previous decisions. On the trial now under consideration the following verdict was returned: "We, the jury, find for the plaintiff as follows: Face of the policy $2500.00. Penalty, $500.00. Attorney's fees, $500.00. $3500.00. Premium deducted $71.85. Balance, $3428.15."

On conflicting evidence, that portion of the verdict finding in favor of the plaintiff $2500, minus $71.85 for premium deduction, was authorized; and so far as that amount is concerned, the special grounds of the motion for new trial are without merit. However, in our opinion, under all the facts of the case, the jury were not authorized to return any amount for damages or for attorney's fees. This was a very close and doubtful case, as shown by its many appearances before the two appellate courts of this State, and the facts in evidence before the jury demanded a finding that the insurance company believed in good faith that it had a valid defense to the plaintiff's claim, and that its refusal to pay the claim was made in good faith and because it believed that under the facts of the case and the law applicable thereto it was not liable in any amount. This being true, that portion of the verdict awarding $500 as damages and $500 for attorney's fees was contrary to law and the evidence, and the refusal to grant a new trial was error. However, if the plaintiff will write off from the verdict and judgment the amounts found for damages and attorney's fees, the judgment will be affirmed; otherwise it is reversed. The costs of this writ of error are taxed against the defendant in error.

*Judgment affirmed on condition. MacIntyre, J., concurs. Guerry, J., dissents.*

### ON MOTION FOR REHEARING.

BROYLES, C. J. It has been repeatedly held by the Supreme Court and this court that where in a suit on a contract of insurance the legal questions involved are sufficiently doubtful and important to justify the insurer in seeking an adjudication thereof by the courts, he can appeal to the courts without being penalized for so doing. In *New York Life Insurance Co.* v. *Tarbutton,* 45 *Ga. App.* 97 (2), 100 (163 S. E. 229), this court held: "In our opinion there is nothing in the transcript of the record authorizing

a finding that the defendant's refusal to pay the plaintiff's claim was in bad faith [citing cases]. If the plaintiff, when the remittitur from this court is made the judgment of the trial court, will write off from the verdict and judgment the sum of $450 (the amount returned for damages and attorney's fees), the judgment will be affirmed; otherwise it will be reversed. The costs of bringing the writ of error to this court are taxed against the defendant in error." The cases cited below are only a few of the many insurance cases where the appellate courts of this State have held that the evidence did not authorize a finding that the insurance companies had acted in bad faith in refusing to pay the plaintiffs' claims, and where the judgments for the insured were affirmed on condition that the amounts returned as damages and attorney's fees be written off from the verdicts and judgments. *Globe & Rutgers Fire Ins. Co.* v. *Poolas,* 36 *Ga. App.* 767 (2) (138 S. E. 336); *Continental Life Ins. Co.* v. *Wells,* 38 *Ga. App.* 99 (3), 102 (142 S. E. 900); *Southern Ins. Co.* v. *Ray,* 40 *Ga. App.* 262 (2) (149 S. E. 304); *Phenix Ins. Co.* v. *Clay,* 101 *Ga.* 331 (3), 336 (28 S. E. 853, 65 Am. St. R. 307); *Empire Life Ins. Co.* v. *Allen,* 141 *Ga.* 413 (4) (81 S. E. 120). It does not appear from the transcript of the record in the instant case that the jury were authorized to find that the insurer was guilty of bad faith in refusing to pay the plaintiff's claim; and the legal questions involved were certainly doubtful and important enough to justify the defendant in asking that they be adjudicated by the courts.

*Rehearing denied. MacIntyre, J., concurs. Guerry, J., dissents.*