26472. GULF LIFE INSURANCE COMPANY *v.* LEWIS.

DECIDED FEBRUARY 1, 1938.

*J. D. Tindall, J. F. Kemp, W. A. Paschall,* for plaintiff in error. *G. W. Langford,* contra.

BROYLES, C. J.   This was a suit on a policy of life insurance. The jury returned a verdict in favor of the plaintiff for "five hundred dollars, with interest thereon at seven per cent. from the

250

death of the insured to date; also for one hundred and fifty dollars attorney's fees." In view of the conflicting evidence adduced on the merits of the case, the jury would have been authorized to find in favor of either party. This being true, the defendant company had the right to refuse payment on the policy, and to allow the courts to pass on the plaintiff's claim, without being penalized for so doing. The finding of attorney's fees was not authorized by the evidence. See *Southern States Life Ins. Co.* v. *Morris,* 24 *Ga. App.* 746 (4) (102 S. E. 179); *Security Ins. Co.* v. *Jackson,* 54 *Ga. App.* 131 (187 S. E. 234), and cit.; *New York Life Ins. Co.* v. *Tarbutton,* 45 *Ga. App.* 97 (2) (163 S. E. 229). The remainder of the verdict was authorized by the evidence; and special grounds 1 and 2 of the motion for new trial complaining of the admission of certain evidence are without merit. If the plaintiff, when the remittitur from this court is made the judgment of the trial court, will write off from the verdict and judgment $150 (the amount returned for attorney's fees), the judgment will be affirmed; otherwise it is reversed. The costs of bringing the writ of error to this court are taxed against the defendant in error. See *New York Life Ins. Co.* v. *Tarbutton,* and *Security Insurance Co.* v. *Jackson,* supra.

*Judgment affirmed on condition. MacIntyre and Guerry, JJ., concur.*