27138. NORTH AMERICAN ACCIDENT INSURANCE
COMPANY *v.* GILBERT.

*Chauncey Middlebrooks, John M. Seal,* for plaintiff in error.

*MacDougald, Troutman & Arkwright, Harllee Branch Jr.,* contra.

Sutton, J. Mrs. Edith L. Gilbert sued the North American Accident Insurance Company in the municipal court of Atlanta on a policy of accident and health insurance, and alleged that the defendant, on or about December 1, 1933, issued to her a policy of accident and health insurance, by the terms of which the insurance company obligated itself to pay her $100 per month for a period of three months in the event she should be totally and continuously disabled by tuberculosis, during the period thus specified, and $50 per month hospital charges for a period of two months, in case she should be confined to a hospital during such disability; that in November, 1934, she became ill with tuberculosis and, on account of said illness, was confined in Wesley Memorial Hospital from November 18, 1934, to April 8, 1935, when she was removed to her home, and that she was still confined to her bed when her suit was filed on August 8, 1935; that the disability was total and continuous during said period, and that she spent considerably more than $50 per month for hospital bills while she was confined in the hospital; that she had complied with the terms of the insurance policy, but that the insurance company had failed and refused to pay her the benefits due thereunder, and that said refusal was in bad faith and without justification in law or fact. She sued for $300 disability benefits for three months, $100 hospital charges for two months, and for an additional $100 (25% of the amount of the liability) and $200 attorney's fees, on account of the alleged bad faith in the failure and refusal to pay as provided by the policy sued on.

The defendant in its answer admitted that the policy was issued, that the premiums were paid, that Mrs. Gilbert became ill with tuberculosis about a year after the policy was issued and was confined in the hospital and disabled as alleged in her petition, and

that it had refused to pay her any sum under the policy. But it contended that there was no liability on its part because Mrs. Gilbert, in her application for the insurance, which was attached to and made a part of the policy, had answered "no" to the following question: "18. Have you received medical or surgical attention within the past two years, except as herein stated?" That said answer was not true, because the plaintiff, on August 19, 1933, spat up blood, and at that time consulted Dr. Herschel Crawford, Dr. Mason Lowance, and Dr. T. C. Davidson, and that this answer was a material misrepresentation which rendered the policy void. A verdict and judgment were rendered in favor of the plaintiff for the full amounts sued for. The defendant's motion for a new trial was denied, and the case was then carried to the superior court by certiorari. The certiorari was overruled and denied, and the exception here is to that judgment.

Code, § 56-820, provides: "Every application for insurance shall be made in the utmost good faith, and the representations contained in such application shall be considered as covenanted to be true by the applicant. Any variation by which the nature, extent, or character of the risk is changed shall void the policy." Code, § 56-821, provides: "Any verbal or written representations of facts by the insured to induce the acceptance of the risk, if material, must be true, or the policy shall be void. If, however, the party shall have no knowledge, but shall state on the representation of others, bona fide, and shall so inform the insurer, the falsity of the information shall not void the policy." It is contended by the insurance company that the plaintiff answered "no" to the following question in her application for the insurance policy: "Have you received medical or surgical attention within the past two years, except as herein stated?" that said answer was untrue and voided the policy of insurance. This is denied by the plaintiff, who contends that her answer to the aforesaid question was neither false nor material, so as to void the policy here involved.

The evidence shows that the plaintiff, in November, 1933, when the application for the insurance policy was made, and for several years prior thereto, was employed in a responsible position as a clerk in the office of the Southern Traffic Association in Atlanta, Georgia; that, on the night of August 18, 1933, she had returned from a trip to North Georgia, and, after taking a bath, spat up a

clot of blood, which frightened her, and on the following day she visited and was examined by three of the leading physicians of Atlanta, Dr. Herschel Crawford, Dr. Mason Lowance, and Dr. T. C. Davidson. After a thorough examination these doctors advised her that they could find nothing wrong with her, one of them telling her that the blood she spat up probably came from a tooth or her gum; that an agent of the insurance company, without invitation, called on the plaintiff at least three times and urged her to take a policy of accident and health insurance before she finally agreed to purchase the same, and that the agent wrote all of the answers to the questions in the application for insurance after she gave him the information. The plaintiff further testified: "According to my recollection, he sat there at my desk and asked me the questions and wrote the answers on the application blank on which I made application. I undertook at that time to answer truthfully and accurately each of the questions that were included in that application. I answered the questions contained in that application truthfully at that time. . . I answered the question, 'Have you received medical or surgical attention within the past two years?' no, because I placed upon the term 'medical attention' my interpretation of that term that I had to be in bed and a doctor had to come to see me; I thought he wanted to know if I had been ill. . . As to actually writing down these questions and getting my answers to them, it took no time at all, because I had them on the tip of my tongue. He wrote them down. You understood me to say my best recollection is that I mentioned something about those physical examinations in October, 1933." The evidence further disclosed that the plaintiff continued in good health, doing her work at home and in the office, singing in the choir, and engaging in various physical exercises, such as swimming, from the time she was examined by the three physicians on August 19, 1933, until she was taken ill on November 6, 1934, when her illness was diagnosed as tuberculosis and she was removed to a hospital.

In *Federal Life Ins. Co. v. Summergill*, 45 *Ga. App.* 829 (166 S. E. 54), it was held: "The term 'medical or surgical attention' in questions propounded to the applicant for a sick-benefit insurance policy, as to whether he had received 'medical or surgical attention within the past five years,' means medical or surgical attention for some illness or disease of substantial importance or of a serious

nature, and not consultation, treatment, or attendance concerning some trivial or temporary indisposition or feeling which has passed away without affecting the general health." See also *New York Life Ins. Co.* v. *Watson,* 48 *Ga. App.* 211, 213 (172 S. E. 602). We think that ruling is applicable to the facts of the present case. In fact, the court there was construing a question in the identically same language as the one in the present case. It is also true that where a policy of accident and health insurance has been issued, misrepresentation of a fact made by the insured in his application for insurance will not void the policy unless the misrepresentation is material and changes the character, extent, or nature of the risk. "A material representation is one that would influence a prudent insurer in determining whether or not to accept the risk, or in fixing the amount of the premium in the event of such acceptance." *Life Ins. Co. of Virginia* v. *Pate,* 23 *Ga. App.* 232 (2) (97 S. E. 874); *Mutual Benefit Health &c. Asso.* v. *Bell,* 49 *Ga. App.* 640, 646 (176 S. E. 124). Questions as to the truth or materiality of representations are generally issues of fact to be determined by the jury. *Life Ins. Co. of Virginia* v. *Pate,* supra, headnote 3; *Southern States Life Ins. Co.* v. *Morris,* 24 *Ga. App.* 746 (1-a) (102 S. E. 179). If the plaintiff or the agent of the insurance company had written into the application for insurance all of the information, in regard to the physical examination on August 19, 1933, in answer to the question here involved, it would have shown that the plaintiff was examined by three physicians about three months before the application for insurance was made, and that she was in good health and suffering from no disease or disability. So, under the facts of the present case and the law applicable thereto, we are of the opinion that the jury was authorized to find that the answer of the plaintiff to the question above quoted and dealt with was neither untrue nor material, so as to avoid the policy sued on. However, we think the questions here involved were of such character as to free the defendant from the charge of bad faith in its refusal to pay the plaintiff's claim. Accordingly, the judgment of the judge of the superior court in overruling and denying the certiorari is affirmed on condition that the plaintiff write off from the verdict and judgment the sum of $300, the amount recovered in the way of penalty and attorney's fees; otherwise the judgment is reversed.

*Affirmed on condition. Stephens, P. J., and Felton, J., concur.*