## 20810.  JOINER *v.* METROPOLITAN LIFE INSURANCE COMPANY.

DECIDED MARCH 12, 1931.

*Martin, Martin, Snow & Gillen,* for plaintiff.

*Jones, Jones, Johnston & Russell,* for defendant.

JENKINS, P. J.  In its former adjudication in this case, this court reversed the judgment of the trial court granting a nonsuit, it being then held that the proof submitted on behalf of the plaintiff was sufficient to make out a prima facie case, and that there was no direct testimony upon the question whether the relation of employer and employee had actually terminated before the insured's death.  *Joiner* v. *Metropolitan Life Ins. Co.,* 40 *Ga. App.* 740 (151 S. E. 540).  On the instant trial the evidence for the defendant shows that Joiner was employed by the Central of Georgia Railway Company, and was promoted to the position of clerk-stenographer; that after his promotion, on account of his insufficient knowledge of shorthand, it was found that he was not qualified to

fill the position; that his superior officer called upon him to qualify himself to hold the place by acquiring the necessary knowledge of shorthand; that he did not qualify himself, and his superior officer then gave him the choice of resigning or being discharged, and that Joiner submitted his resignation, which was accepted, and left the service of the railway company on August 6, 1927, and died in Texas on August 28, 1927. While the evidence might be taken to indicate that by reason of resigning, instead of being discharged, Joiner retained certain seniority rights by virtue of a working agreement existing between the railway company and the clerk's organization to which he belonged, under which he might have been entitled to preferential consideration for any vacancy that might occur in the clerical force of the railway company and for which he might thereafter apply, it is nevertheless undisputed that the termination of Joiner's employment with the railway company was absolute and unconditional. The possibility that the decedent might in the future apply for some new position, and that it would be the duty of the railway company to give such an application preferential consideration if it should be determined that he was capable of filling the position applied for, is a far different thing from remaining in the actual employment of the company; and the termination of his employment was not, therefore, merely a "lay off," within the provision of the policy providing that a "lay off or leave of absence of two months or less" should not be considered a discontinuance of the employment.

Under the terms of the policy, all the premiums for the entire group were payable by the railway company monthly in advance. Consequently, the circumstance that the railway company might have included the premium for Joiner covering the month of August in making such prepayment or premiums at a time when he was in fact an employee, and that at the time of his subsequent resignation during that month the railway company might have deducted from his pay-check the amount of the premium thus advanced, would not render the insurance company liable on the theory that such a procedure operated to continue the decedent as an employee after his actual resignation as such; nor could the circumstance that on his leaving the service of the railway company he was issued a return-trip pass over its lines operate to establish the fact that the relation of employer and employee continued to

exist between the railway company and the decedent after that date, in the face of the plain and undisputed testimony to the contrary.

The court did not err in directing a verdict in favor of the defendant.

*Judgment affirmed. Stephens and Bell, JJ., concur.*