22083.   NEW YORK LIFE INSURANCE CO. *v.* THOMPSON.

DECIDED JULY 29, 1932. REHEARING DENIED SEPTEMBER 28, 1932.

*Lawton & Cunningham,* for plaintiff in error.

*B. D. Dubberly, J. T. Price,* contra.

SUTTON, J.   Thompson brought suit against the insurance company on an accident-insurance policy in which the company obligated itself to pay to him a certain sum per month should he become totally disabled as provided therein.   He alleged that he contracted a disease, the nature of which was unknown to him, necessitating amputation of his left leg near his hip, and that he is, and has been continuously, since losing his leg, prevented by such condition from engaging in any occupation whatsoever for remuneration or profit.   The petition shows that at the time he lost his leg he was about seventeen years of age and was a schoolboy.   The defendant demurred generally on the grounds that no cause of action was set forth in the petition, and that the mere loss of a leg by a boy of the age stated does not amount to total and permanent disability within the terms of the policy.   The court overruled this demurrer, and the defendant excepted.   The policy provides that "disability shall ·be deemed to be total whenever the insured becomes wholly disabled by bodily injury or disease, so that he is prevented thereby from engaging in any occupation whatsoever for remuneration or profit."   The question for decision is whether the loss of a leg at or near the hip by a boy of seventeen years, under the circumstances set forth above, amounts to total disability within the terms of the policy quoted.

■   Policies of insurance will be liberally construed in favor of the object to be accomplished, and provisions therein will be strictly construed against the insurer.   *Johnson* v. *Mutual Life Ins. Co.,* 154 *Ga.* 653 (115 S. E. 14) ; *Penn Mutual Life Ins. Co.* v. *Milton,* 160 *Ga.* 168 (127 S. E. 140, 40 A. L. R. 1382).   The contract

should be so construed as to carry out the true intention of the parties. Civil Code (1910), § 2475. The language of the contract should be construed in its entirety, and should receive a reasonable construction, and not be extended beyond what is fairly within its terms. Where the language is unambiguous, and but one reasonable construction of the contract is possible, the court must expound it as made. *Yancey* v. *Ætna Life Ins. Co.,* 108 *Ga.* 349 (33 S. E. 979); *Wheeler* v. *Fidelity & Casualty Co.,* 129 *Ga.* 237 (58 S. E. 709).

Total disability exists when one is wholly disabled from pursuing the usual and customary duties of his employment on which he must depend for a living. Total disability is the antithesis of partial disability. One is the opposite of the other. *Cato* v. *Ætna Life Ins. Co.,* 164 *Ga.* 392 (2), 398 (138 S. E. 787). The contract of insurance in the *Cato* case provided: If total disability of any employee entitled to insurance under the schedule of insurance contained in this policy begins before the age of 60, and if due proof be furnished the company after such disability has existed for a period of six months, and if such disability presumably will during lifetime prevent such employee from pursuing any occupation for wages or profit, such employee shall be deemed to be totally and permanently disabled within the meaning of this policy. So it was held in *Marchant* v. *New York Life Ins. Co.,* 42 *Ga. App.* 11 (2) (155 S. E. 221): "In a suit to recover benefits for a total disability as provided in an insurance policy which defined a total disability as one whereby the insured is 'prevented . . from engaging in any occupation whatsoever for remuneration or profit,' evidence that the insured had sustained a bodily injury by reason of which he was forced to desist from substantially all of the usual and customary duties of the occupation being pursued by him at the issuance of the policy would have authorized a finding of total disability within the meaning of the contract." There is no substantial difference between the disability clause in the contract of insurance involved in the *Cato* case and that in the case at bar; and the disability clause in the policy involved in the *Marchant* case and the one contained in the policy in this case are identical. The courts of most jurisdictions hold that "total disability" is inability to do substantially all the material acts necessary to the transaction of the insured's business or occupation in substantially

his customary and usual manner, and that "total disability" does not mean absolute physical inability to work at one's occupation for wages or gain. *Cato* v. *Ætna Life Ins. Co.,* supra; note 24 A. L. R. 303; 14 R. C. L. § 494. In our opinion, under the two decisions referred to above, this is the rule prevailing in this State. Furthermore, whether the insured is able to perform some other occupation is to be determined by a consideration of his education, experience, age, and natural ability. 1 C. J. 465, § 166.

Under the foregoing rulings, it being alleged in the petition that the insured had lost his leg by having it cut off just below his hip, and was therefore totally disabled and unable to perform any work or labor for remuneration or profit, the general demurrer was properly overruled.

■ Paragraph 5 of the petition is as follows: "That since he lost his leg petitioner has been wholly and permanently disabled; and though now only twenty-four years of age, he is, and has been continuously, since losing his said leg, prevented by his said condition from engaging in any occupation whatsoever for remuneration or profit." The insurance company demurred specially to this paragraph as a conclusion of the pleader; which demurrer the court overruled. The allegation of this paragraph was couched in the language of the insurance contract, and was not contradicted by the facts stated in the petition, as in the case of *Parlen* v. *Standard Life Ins. Co.,* 30 *Ga. App.* 245, 248 (117 S. E. 772). This renders such allegations sufficient. McElfresh v. Odd Fellows Acc. Co., 21 Ind. App. 557 (52 N. E. 819); Massachusetts Bonding &c. Co. v. Free, 71 Ind. App. 275 (124 N. E. 716); Railway Officials &c. Asso. v. Beldow, 112 Ky. 184 (65 S. W. 362, 23 Ky. L. R. 1438); Clark v. Brotherhood of Locomotive Firemen, 99 Mo. App. 687 (74 S. W. 412); Maryland Casualty Co. v. McCallum, 200 Ala. 154 (75 So. 902). We are of the opinion that this paragraph of the petition was not subject to the special demurrer.

■ In paragraph 6 of the petition the plaintiff alleged: "That during the latter part of 1924 defendant admitted its liability to petitioner, and that he was then wholly and permanently disabled, by paying to said petitioner the sum of $60 covering six monthly installments due by it to petitioner as provided for in said policy." The defendant demurred specially to this paragraph, on the ground that the payments therein described do not, as a matter of law,

amount to the admission claimed by the plaintiff. This ground of demurrer was overruled. While these payments do not amount to an admission that the plaintiff was totally disabled at the time the suit was filed, they do amount to an admission that he was totally disabled at the time such payments were made.

■ The verdict and judgment in the former suit between the plaintiff and the defendant, in which suit it was alleged that the plaintiff was totally disabled by reason of his leg being amputated just below his hip, and that under the insurance contract he was entitled to a stated number of accrued monthly installments, which the defendant refused to pay, and in which suit verdict and judgment were rendered in favor of the plaintiff for the amount of such unpaid installments, amounts to an adjudication that at the time that suit was filed the plaintiff was totally disabled, but does not amount to an adjudication that he was totally disabled at the time of the filing of the present action. Under the terms of the policy, should the condition of the plaintiff change, the insurance company would cease to be liable to make such monthly payments. Furthermore, the question whether or not the plaintiff was totally disabled at the time this suit was filed is one for the jury under all the facts and circumstances of the case, and not one of law to be determined by the court. 1 C. J. 511.

In view of the foregoing rulings, the court did not err in overruling the demurrer to the petition.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

### ON MOTION FOR REHEARING.

The plaintiff in error contends that this court erred in holding that the judgment in the former suit between the parties was an adjudication that the defendant in error was totally disabled at the time it was filed, basing this contention on the fact that the defendant in error did not set out in his amended petition the defensive pleadings in that suit; that therefore it did not appear from the amended petition that the particular matter in controversy was necessarily and actually determined in the former litigation; and that, so far as the allegations of the amended petition were concerned, the verdict and judgment in the former suit might have been obtained by default. A judgment is conclusive not only upon the questions actually contested and determined, but upon all matters which might have been litigated and decided in that suit. *McLendon* v.

*Shumate,* 128 *Ga.* 526 (57 S. E. 886) ; *Latimer* v. *Irish-American Bank,* 119 *Ga.* 887 (47 S. E. 322) ;,*Acree* v. *Bandy,* 20 *Ga. App.* 133 (92 S. E. 765). It is sufficient if the plea of former adjudication contains enough to show clearly the scope of the former adjudication and the relation of the parties to it. This may be done by setting out the judgment and pleadings in haec verba or by averring their legal effect. 34 C. J. 1063, § 1503. In this case the amended petition set forth the petition, verdict, and judgment in the former suit. In that petition it was alleged that the defendant in error was totally disabled at the time of the filing of the suit, and was therefore entitled to a stated number of monthly installments amounting to a certain sum. The verdict and judgment were for the sum sued for. In these circumstances we think that the amended petition contained enough to show clearly the scope of the former adjudication. Furthermore, if this judgment is, as plaintiff in error contends, nothing more than a default judgment, the doctrine of conclusiveness of judgments applies to such a judgment with the same validity and force as to a judgment rendered upon a trial of the issues, being limited to the material issuable facts pleaded in the petition. *Kelly & Jones Co.* v. *Moore,* 128 *Ga.* 683 (58 S. E. 181).

The plaintiff in error further contends that the decision in *Federal Life Ins. Co.* v. *Hurst,* 43 *Ga. App.* 840 (160 S. E. 533), holds exactly to the contrary of our ruling in the fourth division of our opinion. We do not agree to this contention. In that case this court held: "That the plaintiff may have been 'wholly and continuously disabled' at one period of time was not conclusive evidence that he would continue in such condition so long as he lived; and the policy provided for liability only for 'so long as the insured lives and suffers said total disability.' If the plaintiff was totally disabled during the period covered by the former suit, but later experienced a change of condition and was not so disabled during the time referred to in the second suit, the defendant was entitled to rely upon this fact as a defense to the subsequent action."

*Rehearing denied.*