22021. NEW YORK LIFE INSURANCE COMPANY *v.* OLIVER.

STEPHENS, J. 1. Where an insurance policy which insures against total disability provides that "disability shall be deemed to be total whenever the insured is wholly disabled by bodily injury or disease so that he is prevented thereby from engaging in any occupation whatsover for remuneration or profit," the insured suffers a total disability in the sense of the policy when, in the language of the Supreme Court in *Cato* v. *Ætna Life Ins. Co.,* 164 *Ga.* 392 (2, 3) (138 S. E. 787), construing a provision of a policy which provides that the total disability insured against is such disability as "presumably will during lifetime prevent [the insured] from pursuing any occupation for wages or profit," the insured is "wholly disabled from pursuing the usual and customary duties of his employment on which he depends for a living," and "is in-

capacitated from performing any substantial part of his ordinary duties, . . although he is still able to perform some parts of his work," and is unable "to do substantially all of the material acts necessary to the transaction of the insured's occupation, in substantially his customary and usual manner." *Cato* v. *Ætna Life Ins. Co.*, supra; *Marchant* v. *New York Life Ins. Co.*, 42 *Ga. App.* 11 (155 S. E. 221), distinguishing *Whitton* v. *American National Ins. Co.*, 17 *Ga. App.* 525 (87 S. E. 827), and *Parten* v. *Jefferson Standard Life Ins. Co.*, 30 *Ga. App.* 245 (117 S. E. 772). If the definition of total disability as contained in *Cato* v. *Ætna Life Ins. Co.*, approved in *Marchant* v. *New York Life Ins. Co.*, supra, is obiter, it is nevertheless, in our opinion, correct.

2. Where the petition of the insured to recover upon the policy alleges that the plaintiff "had his right hand badly cut and mangled in a cotton-gin, so that plaintiff has entirely lost the use of it, the only members left on his hand being the thumb and index finger, and the nerves and muscles were so cut in these that he can not bend them or control them," and that because of the described injuries he "has been incapacitated from performing any substantial part of his duties as a farm laborer, that being his occupation at the time of said injury, and is the only occupation plaintiff is prepared to follow for a living, and the only occupation he has ever followed, the usual and customary duties of which he is now wholly disabled from pursuing in substantially his customary and usual manner, which disability is presumably permanent," the petition is not subject to demurrer upon the ground that the allegations of fact set out in the petition, as respects the petitioner's injuries and the extent of his disability resulting therefrom, do not constitute the disability provided for in the policy. The petition set out a cause of action, and the court did not err in overruling the demurrer.

3. Applying the ruling in paragraph 1 of this syllabus, the court did not err in the definition given in the charge as to what constituted total disability in the contemplation of the contract of insurance, and the charge is not subject to the objection that it gave to the jury an interpretation of the contract of insurance which was not correct and constituted an impairment of the contract.

4. The evidence authorized the verdict for the plaintiff, and no error appears. *Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 23, 1932.

*A. S. Bradley, A. S. Bradley Jr.*, for plaintiff in error.
*John C. Hollingsworth*, contra.