### 22857. TRAVELERS INSURANCE COMPANY v. SANDERS.

SUTTON, J. 1. It is well settled that an absolute refusal to pay or a denial of liability dispenses with the necessity of making formal proofs of loss under a policy of insurance. *Thornton* v. *Travelers Ins. Co.*, 116 *Ga.* 121, 132 (42 S. E. 287, 94 Am. St. R. 99); *Continental Ins. Co.* v. *Wickham*, 110 *Ga.* 129 (2) (35 S. E. 287). Where the attorney for the insured applied to the insurer for blanks on which to make proof of loss, advising the insurer that the insured was totally disabled, and the insurer sent its agent to confer with the attorney, and the agent, acting for the insurer, stated that the insurer absolutely would not pay the insured any sum, contending that the insured was not totally disabled within the meaning of the policy when he terminated his employment with his employer, the insured was relieved of the necessity of making a formal proof of loss to the insurer.

2. This was a suit on a group accident policy, taken out by an employer for the benefit of his employees. The policy provided that total disability existed when the "insured under this policy and before having attained the age of sixty years has become wholly disabled by bodily injury or disease, and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit." The insured alleged that he was suffering from a named deadly, incurable, and progressive malady, which was permanent in its nature, and which wholly prevented him from performing any work for remuneration or profit; that his duties, before his disability arose, consisted in moving and lifting heavy objects, for which he received $100 per month from his employer; that when this disease struck him in January, 1931, he became unable to continue to perform these duties, and his employer informed him that he would have to find another job, as he was unable to continue in his present one; that his employer consented to give him some lighter work temporarily, at a greatly reduced wage, until he could find such other job; and that he worked at this lighter work until July 11, 1931, when he became unable to perform this lighter work, on account of this disease, and was compelled to quit. In these circumstances, the petition showed that the insured was totally disabled within the meaning of the above provision in the policy when he terminated his employment, and that such total disability was continuous and permanent. *Cato* v. *Ætna Life Ins. Co.*, 164 *Ga.* 392 (138 S. E. 787); *Marchant* v. *New York Life Ins. Co.*, 42 *Ga. App.* 11 (155 S. E. 221); *New York Life Ins. Co.* v. *Thompson*, 45 *Ga. App.* 638 (165 S. E. 847); *New York Life Ins. Co.* v. *Oliver*, 45 *Ga. App.* 756 (165 S. E. 840).

3. The fact that after the insured terminated his employment with his em-

ployer he did some light work for another company for two or three weeks at a greatly reduced wage, and that on account of his inability to perform the work by reason of his disability he was discharged, does not of itself show that the insured was not totally disabled at the time he terminated his employment and at the time he filed the suit against the insurer, and that such total disability was not permanent and continuous. *Marchant* v. *New York Life Ins. Co.*, supra.

4. The insurer was not relieved from liability under the group policy in this case because the insured terminated his employment on July 11, 1931; and because the insurer canceled the policy on July 28, 1931. The policy provided that "The insurance of any employee covered hereunder shall end when his employment with the employer shall end, except in a case where at the time of such termination the employee shall be totally disabled and prevented by bodily injury or disease from engaging in any occupation or employment for wage or profit."

5. Applying the rulings above made to the facts of this case, the court below properly overruled the demurrer to the plaintiff's petition.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 29, 1933. REHEARING DENIED AUGUST 12, 1933.

*Dykes & Dykes,* for plaintiff in error.
*H. B. Williams, James A. Fort,* contra.