23660. MOSELEY *v.* EQUITABLE LIFE ASSURANCE SOCIETY.

JENKINS, P. J. 1. Where an insurance policy provides for total-disability benefits when the insured has "become wholly disabled by bodily injuries or disease, and will be wholly and presumably permanently prevented thereby for life from pursuing any and all gainful occupation," allegations in an action to recover for such benefits that the plaintiff fell to the floor at her post of duty while employed in changing and removing spools of thread from a machine at a cotton-mill, that she has since then suffered from heart failure, endocarditis, arthritis, asthma, and other stated complaints, traceable to said collapse, and that she is totally and wholly disabled thereby from pursuing her former occupation, and is totally and wholly disabled from pursuing such occupation and any other occupation and will be for and during her natural life, are sufficient to show permanent disability within the terms of the policy, as against the demurrer of the defendant insurer. Whether or not the first averment as to total disability could be legally accounted as inclusive of or equivalent to the second, it is manifest that the second is inclusive of the first; and such averments not being contradictory, and being stated conjunctively and not in the alternative, the demurrers, which do not attack as irrelevant, immaterial, or as surplusage the reference to the former occupation, but merely contend that the petition is "ambiguous" in failing to state whether the plaintiff seeks to recover because she is unable to pursue the usual and customary duties of her previous employment, or "whether she is contending that she is presumably disabled from pursuing any gainful occupation whatever," do not raise the question whether the petition would have been good had it been confined to the allegations with reference to the inability of the plaintiff to perform the usual and customary duties of her former employment. See *Cato* v. *Ætna Life Ins. Co.*, 164 *Ga.* 392 (4), 398 (138 S. E. 787); *N. Y. Life Ins. Co.* v. *Thompson*, 45 *Ga. App.* 638, 640 (165 S. E. 847), affirmed on certiorari, 177 *Ga.* 898 (172 S. E. 3); *N. Y. Life Ins. Co.* v. *Oliver*, 45 *Ga. App.* 756 (165 S. E. 840); *N. Y. Life Ins. Co.* v. *Tarbutton*, 45 *Ga. App.* 97, 99 (163 S. E. 229); *Travelers Ins. Co.* v. *Sanders*, 47 *Ga. App.* 327 (3) (170 S. E. 387); *South* v. *Prudential Life Ins. Co.*, 47 *Ga. App.* 590 (171 S. E. 215), pending on certiorari granted by the Supreme Court.

2. There were several grounds of special demurrer which appear to be not without merit. One of these questions the failure to attach a copy of any part of the master policy of group insurance under which the individual certificate of insurance sued on was issued, or to make any

averments relative to the inability so to do. Another ground of special demurrer attacks the allegations seeking attorney's fees. It is provided by section 2549 of the Civil Code (1910) that when insurance companies "refuse to pay" a loss "within sixty days after a demand shall have been made by the holder of the policy on which said loss occurred, [they] shall be liable to pay the holder of said policy, in addition to the loss, not more than twenty-five per cent. on the liability of said company for said loss, also all reasonable attorney's fees for the prosecution of the case against said company," provided the refusal to pay "was in bad faith." The petition failing to show a demand and a refusal to pay sixty days before the suit was brought, this ground of demurrer was good. *Ancient Order United Workmen* v. *Brown*, 112 *Ga.* 545 (3), 552 (37 S. E. 890); *Lester* v. *Ins. Co.*, 55 *Ga.* 475, 476. The other ground of special demurrer, attacking the petition on account of its failure to allege what proof of total and permanent disability was submitted to the defendant, is without merit. Even if the allegations with reference to such proof could be considered too meager, the averment that the defendant failed and refused to pay the claim and denied all liability under the policy would dispense with any averment in reference to such proof of disability.

3. "Where a court at one and the same time passes upon a demurrer containing both general and special grounds, and sustains the demurrer and dismisses the action, without giving the plaintiff opportunity to amend, the judgment will be reversed if it appears that the general demurrer was improperly sustained. The proper judgment on a special demurrer, going only to the meagerness of the allegations, is not a peremptory judgment of dismissal of the action, but a judgment requiring the plaintiff to amend and to make his petition more certain in the particulars wherein he has been delinquent; and then if he refuses to amend, the petition may be dismissed, if the delinquency relates to the entire cause of action. However, if the special demurrer goes only to some particular part of the petition, without which a valid cause of action would still be set forth, the result of finally sustaining the special demurrer would be, not to dismiss the action, but to strike the defective portion." *McSwain* v. *Edge*, 6 *Ga. App.* 9, 11 (2) (64 S. E. 116); *Wardlaw* v. *Executive Committee*, 47 *Ga. App.* 595 (170 S. E. 831 (2)); *Griffeth* v. *Wilmore*, 46 *Ga. App.* 96, 98 (166 S. E. 673); *Broyles* v. *Haas*, 48 *Ga. App.* 321 (172 S. E. 742). In the instant case it appears that after the filing of the demurrers but before a hearing thereon, the plaintiff twice amended her petition with reference to the ground of demurrer dealt with above in the 1st division of the syllabus and another ground, whereupon the court, without requiring the plaintiff to amend to meet the special defects pointed out, but in view of the fact that she had already amended twice prior to the hearing, passed an order dismissing the petition. It not appearing that the plaintiff had refused to amend her petition in matter of form in accordance with any ruling of the court so requiring, and the petition being good as against the general demurrer, the judgment of dismissal was erroneous.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

Decided June 19, 1934. Rehearing denied September 19, 1934.

426

*Kirkland & Kirkland,* for plaintiff.
*A. S. Bradley, P. W. Bradley,* for defendant.