## 24475. JOHNSON v. TRAVELERS INSURANCE COMPANY.

DECIDED MAY 9, 1935.

*Crim & Harrison,* for plaintiff. *Lovejoy & Mayer,* for defendant.

JENKINS, P. J. This was a suit for a permanent total disability, as provided by a policy of group insurance issued by the defendant company. The court dismissed the petition, on general demurrer. The petition shows that the plaintiff became totally disabled during July or August, 1930, while employed by the company to which the group policy was issued, and when the premiums which were to be deducted by the employer from her wages were fully paid. The petition further indicates that at the time of the alleged total disability she ceased her employment, and that on February 27, 1931, the certificate of insurance issued to her under the group policy was canceled by the defendant upon notice to it on the same date from the employer, as provided by the terms of the policy; that on April 27, 1933, she gave to the defendant a written preliminary notice of her permanent and total disability, and on May 26, 1933, furnished written proofs of such disability, claiming the benefits provided by the policy. Her contention is that her right of action accrued while the policy was in force, that any subsequent cancellation of the policy could not affect her claim, and that it was not the intention of the parties to the contract that proof of loss should be filed while the policy was of force. The policy contained the following provisions: "If any employee shall furnish the company with due proof that while insured under this policy and before having attained the age of sixty, he has become wholly disabled by bodily injuries or disease, and will be permanently, continuously, and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the company will waive further payment of premium as to such employee and pay in full settlement of all obligations to him under this policy the amount of insurance in force hereunder upon his life at the time of the receipt of due proofs of such disability in a fixed number of installments chosen by the employer from the table in the paragraph entitled 'Modes of Settlement,' the first installment to be paid immediately upon receipt of due proofs of such disability." "The insurance of any employee covered hereunder shall end when his employment with the employer shall end except in a case where at the time of such termination the employee shall be

wholly disabled and prevented by bodily injury or disease from engaging in any occupation or employment for wage or profit. . In such case the insurance will remain in force as to such employee during the continuance of such disability for the period of three months from the date upon which the employee ceased to work and thereafter during the continuance of such disability and while this policy shall remain in force until the employer shall notify the company to terminate the insurance as to such employee."

Under the terms of the policy, as above set forth, the protection of the insurance ended whenever the employment terminated, or prior thereto upon the discontinuance of payment of premiums for the insured by the employer, the company being liable only for any total and permanent disability in the amount of insurance in force under the policy at the time of the receipt of due proofs thereof. The policy further provided that upon the furnishing of such proofs all further payments of premiums became waived, and that upon the insured becoming wholly and permanently disabled while the policy was in force, the protection would be extended for three months from the date of such disability and thereafter until the employer actually notified the company to terminate the insurance. In other words, by the terms of the policy it clearly and plainly appears that the total and permanent disability of the insured while the policy was in force would operate to stay its cancellation on account of a discontinuance of the employment or of nonpayment of the premium for at least three months and until the policy was thereafter actually canceled; and if prior to the expiration of the three months or prior to any subsequent cancellation, proofs of such disability were submitted, the company would, without the payment of further premiums, pay the amount of insurance in force under the policy at the time of the receipt of such proofs. The contention of the insured that, since she became totally and permanently disabled while the policy was in force, her right of action under the terms of the policy became thereupon fixed, and that no subsequent cancellation of the policy could affect her accrued rights, fails to take into account that, upon the happening of such a disability, all consequent liability was expressly made subject to the conditions and provisions set forth in the contract, under which the insurance payable would be only the amount of insurance in force at the time of the receipt of due proofs of the total disability; and

that at the time the proofs in the instant case were submitted, the policy had already been canceled in accordance with its terms after the three-months stay had expired.

We recognize the soundness of the rules that, where ambiguities exist, contracts of insurance shall be most strongly construed in favor of the insured; and that, in the absence of an express stipulation in an insurance policy that the furnishing of proof of loss within the time specified shall be a condition precedent to a recovery, a provision merely to the effect that no suit shall be brought on the policy unless all its requirements have been complied with will not bar an action, where the insured failed to furnish the proof within the time specified, provided that he did so within a reasonable time after the loss and in accordance with the other provisions of the policy. *Godley* v. *North River Insurance Co.*, 51 *Ga. App.* 242 (180 S. E. 385), and cit. But these rules are not here applicable, since they can not operate in favor of a claimant under a policy which was not in force but had already been actually canceled in accordance with its terms after the expiration of the entire three-months stay. In the instant case, proof of the disability was not given until two years and two months after the policy had been canceled, which cancellation was not made until more than five months after the date of the disability and discontinuance of the employment. While this policy does not expressly provide for its automatic "forfeiture" if proof of loss is not made within three months from the date of the disability and the discontinuance of the employment and payment of premiums, it does plainly provide that after such period the policy may be terminated, if prior to such cancellation proofs of disability have not been made. The cancellation having been duly made more than five months after termination of the employment and more than two years prior to the submission of any proof of disability, the furnishing of such proof under a dead policy could not operate to revive the policy or create a liability which already had ceased to exist.

Nothing held by this court in *Travelers Ins. Co.* v. *Sanders*, 47 *Ga. App.* 327 (170 S. E. 387), *Life Ins. Co. of Va.* v. *Williams*, 48 *Ga. App.* 10 (172 S. E. 101), *Bankers Health & Life Ins. Co.* v. *Knott*, 41 *Ga. App.* 639 (154 S. E. 194), *Liner* v. *Travelers Ins. Co.*, 50 *Ga. App.* 643 (180 S. E. 383), or *Patrick* v. *Travelers Ins. Co.*, 51 *Ga. App.* 253 (180 S. E. 141), conflicts with these

rulings. In the first-mentioned case it appears that the policy had not been legally canceled, and was therefore by its terms in force. The premature and abortive attempt to cancel was made on July 28, 1931, after the termination of the employment on July 11, 1931, contrary to the express provision that three months should elapse after the termination of the employment during total and permanent disability before such a cancellation was authorized. In the other decisions the specific provisions of the policy now before the court for construction were not presented and passed upon. In these cases it did not appear from the petition that the policy had been canceled subsequent to the three-months period, in accordance with its terms prior to the filing of proofs of disability. See also *Dean* v. *Northwestern Mutual Life Ins. Co.*, 175 *Ga.* 321 (165 S. E. 235); *Æance Life Ins. Co.* v. *Allen*, 49 *Ga. App.* 200 (174 S. E. 724); *Northwestern Mutual Life Ins. Co.* v. *Dean*, 43 *Ga. App.* 67 (157 S. E. 878); *Metropolitan Life Ins. Co.* v. *Smith*, 48 *Ga. App.* 245 (172 S. E. 654).

Counsel for the plaintiff in error have urged their contentions both ably and strongly. In addition to the legal contention already dealt with, they say that the policy is not free from ambiguity, in that it does not clearly appear that it was the intention of the parties to the contract that proof of loss should be filed while the policy was in force; and that the establishment of a principle in accordance with the ruling of the trial court would result in gross hardship and injustice to those who are insured. We have considered most carefully the arguments thus urged. It does not, however, appear that there is any sort of ambiguity in the provisions of the policy that the protection would cease upon the discontinuance of the employment and payment of premiums, except that if at such time the insured was totally and permanently disabled, the policy would remain in force for his benefit for a period of three months, after which, in the absence of the prescribed proof of disability, it was specifically made subject to be discontinued. It also plainly appears that, upon such proof of disability being made, the company would be liable only for the insurance in force at the time such proof was received. While in some cases it is possible that one entitled to insurance might delay making the proof of disability until after the three-months period had expired and after the policy had been thereafter actually can-

celed, and might thus suffer a hardship, it is also true on the other hand that one of the fundamental necessities with all insurance companies is to be able to know what liabilities they are subject to. If premiums on a policy cease, it would seem that a company ought to be allowed to make some provision by which it would be able to determine when its liability on a policy ceased. If claims could be submitted through some long indefinite period of years after the employment and premiums had terminated, no correct or even approximate estimate as to the liabilities of insurance companies could be formulated. It does not seem, therefore, that, in the absence of any proof of claim under the policy, a stipulation authorizing its cancellation after a fixed reasonable time has elapsed since the termination of the employment and the payment of the premium, is unreasonable or invalid.

The court did not err in dismissing the petition, on general demurrer. *Judgment affirmed. Stephens and Sutton, JJ., concur.*