25810. PRUDENTIAL INSURANCE COMPANY OF
AMERICA *v.* CALLOWAY, administrator.

DECIDED DECEMBER 4, 1936. REHEARING DENIED DECEMBER 12, 1936.

*Robert L. Russell, Estes Doremus, Spalding, Sibley, Troutman & Brock,* for plaintiff in error.

*Clifford Pratt, Davis & Stephens,* contra.

SUTTON, J. Suit for total and permanent-disability benefits on a certificate of group insurance was brought by the administrator of the insured. The policy was issued on July 1, 1925, while the insured was in the employment of a railroad company, and it expired on December 31, 1931. It was contended by the plaintiff that the insured became totally and permanently disabled during the year 1931, and on account of such disability gave up his employment on December 16, 1931; that he died on December 19, 1933; that on November 8, 1934, the defendant denied liability on the insurance certificate and refused payment after demand, and that the proofs required under the terms of the policy were thereby waived. The certificate of insurance contained the following provision: "If the said employee, while less than sixty years of age, and while the insurance on the life of said employee under said policy is in full force and effect, shall become totally and permanently disabled or physically or mentally incapacitated to such an extent that he or she by reason of such disability or incapacity is rendered wholly, continuously and permanently unable to perform any work for any kind of compensation of financial value during the remainder of his or her lifetime, the amount of insurance payable at death from natural causes will be paid to said employee in monthly instalments during two years, the first instalment to be payable immediately upon receipt by the company of due proof of such disability or incapacity; in accordance with the provisions of said policy." The policy contained also a similar provision as to disability of the insured. The insurance contract did not provide for any period of time in which the proof of disa-

bility had to be submitted to the company, nor did it contain any contractual limitation on the time to bring suit thereon. The jury returned a verdict for the plaintiff. The defendant's motion for new trial was overruled, and the exception is to that judgment.

1. "Where a policy of insurance contains a provision that proof of loss must be filed before the loss thereunder shall be 'due and payable,' but provides no time in which such proof shall be submitted, it must be given to the insurer within a reasonable time; and what is a reasonable time is generally a question for the jury. . . Where a policy of insurance provides that a loss thereunder is not 'due and payable' until six months after the receipt by the insurer of proof of loss, and contains no contractual limitation upon the time to bring suit thereon, the statutory period of limitation governs the action, but does not begin to run until six months after the submission of proof of loss to the insurer." *Burton* v. *Metropolitan Life Insurance Co.*, 48 *Ga. App.* 828 (173 S. E. 922).

2. It was contended by the insurance company that it was not furnished with proof of the disability of the insured, and that it had no notice of the claimed disability until in July, 1934, which was after the expiration of the insurance contract. "An absolute refusal to pay the insured, when not predicated upon the failure of the insured to furnish to the insurer due proof of disability, or some other kindred matter, constitutes a waiver of the right of the insurer to insist upon compliance by the insured with a provision in the certificate of insurance to the effect that proper proof of disability should be filed with it before any payment to the insured should be made thereunder by virtue of such disability." *Patrick* v. *Travelers Insurance Co.*, 51 *Ga. App.* 253, 255 (180 S. E. 141); see also *Harp* v. *Fireman's Fund Insurance Co.*, 130 *Ga.* 726, 730 (61 S. E. 704, 14 Ann. Cas. 299); *Travelers Insurance Co.* v. *Sanders*, 47 *Ga. App.* 327 (170 S. E. 387); *Travelers Insurance Co.* v. *Pittman*, 51 *Ga. App.* 401 (180 S. E. 650). It appears from the evidence that on November 8, 1934, liability was denied and payment was refused on the ground that the employment of the insured was terminated on December 16, 1931, and not on account of any failure to give proof of disability.

3. It was contended by the plaintiff that the insured became totally and permanently disabled while the contract of insurance was in full force and effect, and for that reason he terminated his

employment with his employer on December 16, 1931, and that said disability continued until his death. Provisions for total disability under policies of insurance similar to the one on which the present suit is predicated, and when such disability exists, have been construed and defined in a number of cases by this court and the Supreme Court, for some of which see *Cato* v. *Ætna Life Ins. Co.*, 164 *Ga.* 392 (138 S. E. 787) ; *Prudential Ins. Co.* v. *South*, 179 *Ga.* 653 (177 S. E. 499) ; *Marchant* v. *New York Life Ins. Co.*, 42 *Ga. App.* 11 (155 S. E. 221) ; *New York Life Ins. Co.* v. *Thompson*, 45 *Ga. App.* 638 (165 S. E. 847) ; *New York Life Ins. Co.* v. *Oliver*, 45 *Ga. App.* 756; *Travelers Ins. Co.* v. *Sanders*, 47 *Ga. App.* 327 (170 S. E. 387). If the insured became totally and permanently disabled, in December, 1931, within the meaning of the terms of the policy of insurance, his rights thereunder had accrued, and the obligation of the insurer was fixed to pay the insured according to the terms thereof. *Wright* v. *Fuller*, 148 *Ga.* 223 (96 S. E. 433) ; *Bankers Health & Life Ins. Co.* v. *Knott*, 41 *Ga. App.* 639, 642 (154 S. E. 194) ; *Liner* v. *Travelers Ins. Co.*, 50 *Ga. App.* 643 (4) (180 S. E. 383). Forfeitures are not favored in construing contracts of insurance. *Ætna Insurance Co.* v. *Lipsitz*, 130 *Ga.* 170, 175 (16 S. E. 531, 14 Ann. Cas. 1070) ; *Life Ins. Co. of Va.* v. *Williams*, 48 *Ga. App.* 10, 13 (172 S. E. 101).

4. The cases of *Penn Mutual Life Ins. Co.* v. *Milton*, 33 *Ga. App.* 634 (127 S. E. 798), *Joiner* v. *Metropolitan Life Ins. Co.*, 43 *Ga. App.* 1 (157 S. E. 703), and *Johnson* v. *Travelers Ins. Co.*, 51 *Ga. App.* 243 (180 S. E. 387), cited and relied on by counsel for the plaintiff, are distinguishable, as the policies there involved contained certain provisions that do not appear in the insurance contract sued on in the present case. It was stipulated in the *Milton* case that ".the insurer would not be liable for anything unless the proof was submitted more than six months before the discontinuance of the disability." In the *Joiner* case liability was conditioned and dependent on the insured remaining in the service of his employer up to the time of his death. In the *Johnson* case the proofs were not filed within the time prescribed after the occurrence of the disability, or before the subsequent cancellation of the policy as therein provided. Likewise, the cases of Fulton *v.* Metropolitan Insurance Co. (N. C.), 186 S. E. 486, and Lee *v.* Metropolitan Life Insurance Co. (S. C.), 186 S. E. 376,

are distinguishable on account of certain provisions in the policies there under consideration, which are not contained in the present policy or applicable under the facts of this case.

5. Under the facts of this case and the foregoing rulings, it was not error for the court to instruct the jury, in effect, that the policy required that proof of total and permanent disability be given to the insurance company, unless it had waived same by denying liability; and that if it had denied and refused to recognize any liability, the jury might consider that as a waiver of proof of disability. Nor was it error to admit in evidence the letters from the attorney for the plaintiff to the insurance company and to the railroad company, written in July, October, and November, 1934, giving notice of the disability of the insured and the claim therefor, and the letters from the insurance company and railroad company in reply thereto, dated July 18, 1934, October 23, 1934, and November 8, 1934, denying liability under the insurance contract.

6. The verdict was authorized by the evidence, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*