## JOHN HANCOCK MUT LIFE INS CO v GWINN MILLING CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2621. Decided March 12, 1937

316

Vorys, Sater, Seymour & Pease, Columbus, for plaintiff in error.

Druggan & Gingher, Columbus, for defendant in error.

## OPINION

By HORNBECK, J.

The defendant in error was plaintiff and the plaintiff in error, defendant, in the trial court. We shall so refer to them.

In 1925 the defendant issued a one-year renewable term group policy of insurance to the plaintiff company. The policy was dated March 31, 1925, and was for the benefit of employees of the plaintiff designated and to be designated by it. The company elected to renew the policy up to the end of the policy term, March 31, 1929.

For the year ending March 31, 1929, Edwin A. Welsh, an employee of the plaintiff, was insured as a certificate holder under the policy for the sum of $2500.00. On April 2, 1929, Mr. Welsh committed suicide and shortly thereafter Mrs. Welsh, his wife, assigned all of her rights as beneficiary under the certificate to the plaintiff company.

It appears from the evidence that an officer of the company, a Mr. Clarence E. Gwinn, prior to March 31, 1929, had said that he did not think the company would renew the policy for the year succeeding March 31, 1929. On or about April 16th Mr. Gwinn discussed the payment of the premium due on the policy with an agent of defendant company and was informed that it would be necessary to pay the premium for the current year if payment was to be made by reason of the death of Mr. Welsh and if done the company would pay the money into court so that determination could be made whether Mrs. Welsh or the plaintiff was entitled to the benefits. Mr. Gwinn indicated an unwillingness to pay the premium and neither then nor later

did he or the plaintiff until long after the suit was brought, indicate a willingness that the premium should be deducted from the amount claimed to be due on the policy. Request upon defendant company was made for the $2500.00 claimed to be due by reason of the death of Mr. Welsh and upon refusal to pay the action was instituted. The defendant denied liability and issues were drawn by appropriate pleadings under the facts.

The cause came on to trial to Judge Duncan and a jury. At the conclusion of the submission of the evidence both parties moved for a directed verdict, whereupon the jury was discharged and Judge Duncan, upon consideration of the cause on the merits, made a finding for the plaintiff in the sum of the amount of insurance in the certificate carried in the name of Mr. Welsh and after overruling motions for new trial and for judgment non obstante veredicto entered judgment upon the finding. Error is prosecuted.

The question presented for determination is narrow and depends upon the construction of the grace clause in the policy. It will be noted that Mr. Welsh died during the grace period, during which thirty-one days the premium could have been paid on the policy, thereby keeping it in force for another year. The question presented was passed on by Judge Reynolds upon a motion directed to the petition and by Judge Duncan, who determined the cause on its merits. Both held favorably to the plaintiff upon a construction of the terms of the policy and particularly the grace clause and both prepared written opinions, with which we have been favored.

The renewal option in the policy provides: "This policy may be renewed from year to year for a further term of one year upon the payment, within the days of grace, of the premium for the amount of insurance as renewed." The clause respecting grace period provided: "A grace of thirty-one days, without interest, during which this policy shall remain in force, will be granted for the payment of premiums or regular installments thereof, after the first."

We are of opinion that the statement of Mr. Gwinn to the effect that he did not think the company would renew the policy, did not amount to an express refusal to pay premium due, nor authorize a cancellation of the policy, nor was there any action taken which indicated a mutual agreement to cancel the policy. The right of the plaintiff to pay the policy during the grace period subsisted after the death of Mr. Welsh.

The plaintiff refused to pay the premium after the death of Mr. Welsh and if this is conclusive of its right to recover under the assignment from Mrs. Welsh, then the judgment was improperly entered.

In our opinion the express terms of the policy permit of no other construction than that it was in full force and effect at the time when Mr. Welsh died and that his beneficiary was entitled to the benefits thereunder and could assign them.

Secs 9412-9417, GC, inclusive, prescribe forms of policies which may be employed for the various types of life insurance issued in Ohio. The policy here under consideration is not of standard form prescribed in any of the foregoing mentioned sections. §9420, GC, however, provides, generally:

"No policy of life insurance in form other than as provided in §§9412 to 9417 GC, both inclusive, shall be issued or delivered in this state or be issued by a life insurance company organized under the laws of this state unless the same shall contain the following provisions:

"(1) * * *

"(2) A provision for a grace of one month for the payment of every premium after the first, which may be subject to an interest charge, during which month the insurance shall continue in force, which provision may contain a stipulation that if the insured shall die during the month of grace the over-due premium will be deducted in any settlement under the policy."

The language of the policy in this case is:

"Grace Period: A grace of thirty-one days without interest will be granted for the payment of the premiums or regular installments thereof after the first."

It will be noted that in all of the standard forms of policies set forth in the Code from any sum to be paid upon due proof of the death of the insured there may be taken any indebtedness to the company and any unpaid portion of the premium for the then current policy year. * * * (Emphasis ours). And there is the further provision under the heading, "Payment of Premiums":

"* * * Except as herein provided the payment of a premium or installment thereof shall not maintain the policy in force beyond the date when the next premium or installment thereof is payable."

And then follows this provision, which is an exception:

"A grace of one month subject to an interest charge at the rate of .... per centum per annum shall be granted for the payment of every premium after the first, during which month the insurance shall continue in force. If the insured shall die during the month of grace the overdue premium will be deducted from any amount payable hereon in any settlement hereunder." (Emphasis ours).

As we understand the language of the statutes defining standard forms of policies and likewise the language of the grace period clause in the policy before us, there is no room for construction, the language being of plain import. Unless action has been taken which may be binding upon the parties to the grace clause, waiving the terms thereof, it may be enforced. The effect of this provision, in our judgment, is to continue the policy in force for a period of one month after the due date of any premium after the first. The standard forms of policies expressly provide for the payment of the overdue premium by deducting it from the amount payable under the policy if the insured died during the month of grace. This provision was not in the group policy of plaintiff but consent was given by the plaintiff that the premium due as of the date of the death of Mr. Welsh could be deducted from the amount due under the policy.

We are cited to many authorities by the briefs of counsel for both parties. We have examined them and do not find that any cited opinion is directly contrary in holding to the judgment reached by the trial court. Practically all support the finding.

We are cited to Johnson v Metropolitan Life Insurance Company, 184 SE 392, a Georgia case. There the insured had died after the due date of his premium but within the thirty-one days grace period and the court held that the insured was not entitled to recover, but the distinction between the facts in that case and the instant case is marked in the second syllabus:

"Where group life policy had been cancelled by mutual agreement of employer and insurer, the contracting parties, at end of period for which premiums had been paid, 31 days' grace period provision held inoperative and not to extend policy so as to cover employee dying within 31 days after cancellation."

At page 394 of the opinion, after setting forth the language of the grace period clause, it is said:

"But such a stipulation for grace must necessarily be taken to apply to time indulgence in the payment of premiums due and owing under an existing subsisting contract, and could have no application to a contract of insurance such as stated if, by mutual agreement of the contracting parties or for other valid reason, it had already become cancelled or inoperative, as at the end of a twelve-month period to which and for which premiums were paid." Citing Joinder v Metropolitan Life Ins. Co., 43 Ga. App. 1, 157 SE 703.

"To hold otherwise would in effect mean that the payment of the correct amount of premiums for twelve months would entitle the insured to thirteen months of protection; * * *. Accordingly, where the policy here involved, by mutual agreement of the parties, had been previously discontinued as on the date to which and for which premiums have been paid, every clause thereof, including the grace clause, became immediately inoperative."

There is more of the opinion, all of which is to the effect that the policy in all of its provisions had, by mutual agreement, been cancelled and rendered inoperative and that thus the grace period clause also failed. This theory is again announced in the opinion on motion for rehearing at page 395.

Venditto v Spratt's Patent (America) Ltd., 174 Atl. 697, (N. J.), held that a grace clause did not operate to continue the policy in force after the expiration of the stated term, but in this case the court found that the employee whose beneficiary was seeking to recover against her husband's employer had ceased to be an employee of the insuring company in November prior to his death the following August and that he had notified the company to cancel his insurance on December 5th, prior to his death, which had been done. This was not an action against the insurance company but by the beneficiary of Venditto, an employee, against the employer for unlawfully and without right causing the policy to be cancelled upon a certificate of which the insurance company on demand, after Venditto's death, refused to pay. This adjudication was supported by the determination as in Johnson v Metropolitan Company, supra, that there had been a cancellation of the policy insofar as it affected Venditto, the insured, and also the further finding that the employer company did no wrong to Venditto by reporting him no longer in the employ of the company, though subsequent to the report he may actually have been an "employee."

Davis v Metropolitan Life Ins. Co., 32 SW 2d, 1034 Tenn., is another case cited by the defendant. The first and second syllabi are:

"1. Period of grace for paying of premium does not contemplate free insurance, but that charge for continuing liability will ultimately be paid.

"2. Insurance, if cancelled as of approaching date to which premium has been paid, terminates on such date."

The second syllabus, as well as the body of the opinion, discloses an express cancellation by agreement of the parties, effective as of midnight, the 21st of June, 1927. The insured employee died July 21, 1927. The group insurance was carried by the City of Knoxville, the city paying 80% and the insured employee 20% of the premium. Upon the expiration of the policy with the Metropolitan Company, of date June 21, 1927, a new policy was written as of that date, with the American National. All employees were duly notified of the proposed change and accepted and agreed to the transfer of the insurance to the American National. The gist of the opinion is much like that found in the other cases discussed and the court in support of its conclusion cites cases to effect that a cancellation or rescission by mutual consent of a life policy prior to the death of the insured completely terminates the rights of the beneficiary thereunder.

We do not think it necessary to further prolong this opinion by analysis of the many cases cited by the respective parties. Suffice to say that we are in accord with the conclusions reached in the written opinions of Judges Reynolds and Duncan and adopt them in conjunction with what we have said on the subject.

The judgment will be affirmed.

BARNES, PJ, and GEIGER, J, concur.