OPINION
By HORNBECK, J.
This is an appeal on questions of law from a judgment of the Court of Common Pleas, Franklin County, in favor of the defendant and dismissing the petition of the plaintiff. Jury was waived and cause submitted to the trial judge upon an agreed statement of facts.
There are no specific assignments of error, but the brief of appellant is devoted to the claim that the finding and judgment of the trial court under the facts and the law should have been for the plaintiff instead of for the defendant.
It appears that, of date March 31, 1925, the defendant issued a group policy of insurance to the Gwinn Milling Company, Certificate No. 1, insuring the life of Othneil E. Gwinn in the sum of $2500.00 payable to Ella B. Gwinn, insured’s wife, if his death should occur while an employee of the employer, the Gwinn Milling Companjr, during the continuance of the policy. Numerous other employees of the Gwinn Milling Company held certificates and were insured under the group policy. On December 9, 1929, Othneil E. Gwinn died. On April 19, 1934, Ella B. Gwinn, widow of the insured and beneficiary under Certificate No. 1, assigned her rights under the policy to the plaintiff. The premiums on the group policy for the years expiring March 31, 1926, to March 31, 1929, inclusive, were paid by the Gwinn Milling Company to the defendant, but no such payment was made by said company for the polic3'k year ending March 31, 1930. On or about December 30, 1929, the beneficiary, under a policy, other than the group policy or the certificate herein involved, issued by the defendant company on the life of Othneil E. Gwinn, made proof of the death of said insured and later on February 14, 1938, plaintiff furnished to the defendant proofs of the death of Othneil E. Gwinn and made claim that he was insured by the defendant under Certificate No. 1 of the group policy.
The occurrences upon which plaintiff predicates his right to recover against the defendant upon Certificate No. 1 of the group policy, are, that on April 2, 1929, Edwin A. Welsh, an employee of the Gwinn Milling Company and holder of Certificate No. 56 under the aforesaid group policy, died. Later, Jeannette Welsh, beneficiary under the Edwin A. Welsh policy, assigned her interest and rights in said policy to the Gwinn Miliing Company. Thereafter, controversy *557 arose between Jeannette Welsh and the Gwinn Milling Company as to the validity of the assignment which was eventually determined in favor of the company. Thereafter the Gwinn Milling Company demanded payment from defendant of the full amount of Certificate No. 56 issued on the life of Edwin A. Welsh, deceased, which payment was refused.
At no time during the month of April, 1929, the month of grace under the group policy, did the Gwinn Milling Company request or direct defendant to credit or apply any part of the claimed amount of $2500.00, the amount of the insurance provided under Certificate No. 56, to the payment of premium for the group policy for the year following March 31, 1929. And at no time did the defendant pay or offer to pay to the Gwinn Milling Company said $2500.00 or such amount less the amount required to pay the premium for the year following March 31, 1929.
The basis of the claim of the Gwinn Milling Company in its suit against the defendant company is that by the terms of the grace pro-, vision in said policy the insurance upon' the life of Edwin A. Welsh was in effect at the time of his death. The grace clause in Certificate No. 56 on the life of Edwin A. "Welsh and on Certificate No. 1 on the life of Othneil E. Gwinn was as follows:
“A grace period of thirty-one .’(31) days without interest during which this policy shall remain in force, will be granted for the payment of premiums or regular installments thereof, after the first.”
On February 10, 1932, the Gwinn Milling Company instituted its action against the defendant under its assignment to recover the face amount of $2500.00 on the Edwin A. Welsh certificate, alleging that by virtue of the terms of the grace clause in the policy it was effective-as of the date of the death of Edwin A. Welsh. The prayer of the petition was for the sum of $2500.00 with interest and costs. On May 1, 1934, the Gwinn Milling Company amended its petition in the action upon the Welsh certificate in which it stated that “it is willing to allow a credit on the' $2500.00 before mentioned of the sum of $1208.46 as of the 16th day' of April, 1929”. In October, 1935, upon issues joined in the action of the Gwinn Milling Company against the defendant company, judgment was entered for the plaintiff and against the defendant in the sum of $2500.00 less an annual premium of $1127.43 with interest and costs to which judgment the defendant excepted generally. The defendant at no time by pleading or otherwise made claim that it was entitled to deduct the annual premium due o-n the group policy from the face amount of the certificate issued to Welsh, but asserted that no liability attached under the policy because the Gwinn Milling Company had elected to cancel the policy and declined to pay the premium for the policy year succeeding March 31, 1929.
It is the claim of the plaintiff that the trial court properly deducted from the judgment in favor of the Gwinn Milling Company against the defendant on the Welsh certificate, the full annual premium due the company on the group policy for the year of March 31, 1929, to March 31, 1930, and that such payment although not fixed until the date of the judgment, was, at all times, in the hands of the company and must be held to have been paid within the grace period. That by virtue of the payment of the annual pre *558 mium, Certificate No. 1 on the life of Othneil E. Gwinn was effective as of the date of his death.
It is the claim generally of the defendant company that the election of the plaintiff to reduce the amount for which it sought judgment in the Gwinn Milling Company case against defendant company was voluntary; that the terms of the policy made no provision Whereby the company had the right to retain the annual premium which could have been paid during the grace period, and, if upon any theory, any sum should have been withheld from the face amount of the Welsh certificate it should have been only that portion of the premium which would have been allocated to his certificate.
The briefs in the case are complete and discuss the case from many viewpoints. We believe that it can be determined upon the simple terms of the grace provision of the certificates issued in connection with the group policy.
In Ohio no policies of life insurance may be issued unless authorized by the provisions of §9410 GC to §9425 GC, inclusive. Sec. 9411 G C to §9417 .GC, inclusive, set out verbatim standard forms of policies of life insurance under the classifications of ordinary or limited payment, endowment, ordinary or limited payment life fixed survivorship, annuity endowment, fixed survivorship annuity, term, term with right to renew and change. Sec. 9418 GC relates to single premium and nonparticipating policies; §9419 GC to preliminary term insurance. Sec. 9420 GC relates to policies other than standard forms and states that no policy other than those provided in §§9412 to 9417 GC, both inclusive, shall be issued or delivered in Ohio, unless the same shall contain the following provisions:
(2) Provision for grace of one month for the payment of every premium after the first, which may be subject to an interest charge, during which month the interest shall continue in force, which provision may contain a stipulation that if the insured shall die during the month of grace the overdue premium will be deducted in any settlement under the policy.
It will be noted that the grace_ period of one month for the pay-' ment of every premium after the first is mandatory but the provh sion as to a stipulation that, if insured shall die during the month of grace, the overdue premium will be deducted, is permissive. The grace period in the group policy under consideration carried no stipulation as to the deduction for overdue premium upon the death of the insured. It will be observed that the company did not elect to carry into its group policy nor into its certificates thereunder any stipulation that if the insured died during the month of grace the overdue premium will be deducted in any settlement under the policy. Having elected to omit this provision there is nothing in the contract nor is there anything in our statutes which authorizes any deduction for premium if the insured dies within the grace period of the policy, and if made it is upon the implied obligation to pay for the pro rata cost for the added period during which the insurance is in force.
We are cognizant of the holding in Davis v Metropolitan Life Insurance Company (Tenn.) 32 S. W. (2d), 1034, which announces in the first syllabus that, “Periods of grace for paying of premium does not contemplate free insurance but that charge for continuing liability will ultimately be paid”, which authority we cited in John Han *559 cock Mutual Life Insurance Company v Gwinn Milling Company, 24 Abs 315, and the later case of Hinkler v Equitable Life Insurance Society of the United States, 61 Oh Ap 140, where the court held that a, beneficiary of a certificate holder under a group policy of insurance could recover for the death of the insured during the grace period and further that the amount of recovery should be the lull amount of the group policy, '{meaning certificate under a group policy), less amount of premium sufficient to discharge cost of carriage during the grace period. The court relied upon the statutes bur we find no statute requiring in a group policy or any certificate thereunder payment of premium for the life insurance of the insured during the grace period, nor any provision that such clause shall be carried in a group policy. However, we recognize the equity of such a determination and if, it be given application in the instant case it will not at all change the respective rights of the parties.
It is obvious that no law would knowingly be enacted which would require the beneficiary under a certificate, the face amount of which only represented a very small proportion of the total amount of group insurance carried, to assume the obligation of the full premium due the insurance company on the group policy. Such a provision would be highly inequitable and conceivedly exhaust the full face value of the certificate upon which death payment is to be made.
If there is any authority in law to deduct the full premium due under the group policy then we would readily hold that, under the judgment on the Welsh certificate, the company could not be heard to say that it did not receive the premium for the year ending March 29, 1930, although the judgment was not entered for years thereafter.
If the defendant company had in its pleadings asserted its right to receive this premium, as due within the grace period, it would be estopped in the instant case to change position but, inasmuch, as the Gwinn Milling Company in the Welsh case voluntarily relinquished its right to judgment for the face amount of the Welsh certificate no issue was thereby made as to the right of the company to this premium. Freeman on Judgments (5th Ed.) Vol. 2, pp 1422-24, Porter v Wagner, 36 Oh St 471.
The judgment in the Welsh case was ineffective to bind the defendant company to treat the credit conceded by the plaintiff as payment of the annual premium on the group policy. Kipp v Bowman, 20 Abs, 698, 701.
It is urged by plaintiff that when within the grace period of the Welsh certificate, the Gwinn Mining Company became the owner of the certificate by assignment, as the general insured under the group policy it was obligated to pay the entire premium for the full ensuing year. Of course, this full payment of annual premium on all of the certificates under the group policy could not be made under the theory of set-off because set-off is predicated upon an admission of the plaintiff’s cause of action and is set up as an affirmative cross-demand, Pomeroy Code Remedy (4th Edition) 844.
The Gwinn Milling Company instituted its action against the defendant insurance company as the assignee of the Welsh certificate. Its rights rose as high as those of the assignor and no higher. There was no claim in the pleadings of any other or different status of the plaintiff than that of assignee of the Welsh certificate and no act *560 inconsistent therewith until the amendment to the petition, whereby a credit was permitted on the total amount due under the Welsh certificate of the amount of the annual premium on the group policy.
The contractual relation arising between the Gwinn Milling Company and the insurance company required the company to pay the full premium on all employes covered by the certificates under the policy. The certificate holders took their rights by reason of the fact that it was a contract between two parties for the benefit of a third. The third party had certain vested interests, one of which was the continued insurance under the grace clause of the policy. By the terms of the group policy the right to renew it from year to year was in the Gwinn Milling Company and that right must have been exercised within the period provided in the grace clause. A certificate holder had no contractual right or obligation to pay the full premium on more than fifty employees who were originally insured in the group.
We held in the Welsh case that the Milling Company had not waived its right to pay the premium on the policy at the time of the death of Mr. Welsh but that “the plaintiff refused to pay the premium after the death of Mr. Welsh.” It is conclusive that the Milling Company at no time prior to the amendment of its petition to the Welsh case indicated any purpose to pay the premium on the group policy. So that under the contract it had taken no steps whatever to exercise its privilege of payment of the premium during the grace period.
We are satisfied then that neither by the terms of the grace clause in the certificates under the group policy nor by the judgment in the Welsh case, may it be found that the certificate on the life of Othneil E. Gwinn was effective as of the date of his death.
The judgment of the Common Pleas Court will be affirmed.
GEIGER, PJ., & BARNES, J., concur.