38445.   METROPOLITAN LIFE INSURANCE
COMPANY v. KOHN.

DECIDED FEBRUARY 17, 1961.

*Smith, Field, Ringel, Martin & Carr, H. A. Stephens, Jr., Palmer Ansley,* for plaintiff in error.

*Nall, Miller, Cadenhead & Dennis, James W. Dorsey, Theodore Frankel,* contra.

JORDAN, Judge. The undisputed evidence in this case shows that the plaintiff's decedent died on November 8, 1958, and that prior to that date on April 11, 1958, his "active" employment with the employer company had been terminated. The uncontradicted records of said company disclose that the decedent's insurance under the group plan in question had been canceled on that date by the company and that no further insurance premiums were forwarded to the insurer under the terms of the policy. It is contended by the defendant insurer that, under these facts as related to section 5 of the group life insurance policy, the evidence demanded a finding that the plaintiff's decedent's coverage had been terminated prior to his death.

It is the contention of the plaintiff that, under the proper construction of the policy, the life insurance coverage in question automatically continued as to retired employees and that consequently it was a question for the jury as to whether the decedent had been discharged or retired on April 11, 1958, when he ceased active employment with the company.

Section 5 of the master group policy provided: "Section 5. Cessation of insurance. (A) The life insurance on any em-

ployee insured hereunder shall automatically cease on the date of the termination of his employment.

"Termination of employment, for the purposes of life insurance hereunder, means cessation of active work as an employee as defined in Section 1 hereof, except that (i) in case of the absence of an employee from active work because of sickness, injury or retirement $x$, his employment may, for the purposes of his life insurance hereunder, be deemed to continue until terminated by the employer, or (ii) in case of the absence of an employee from active work because of leave of absence or temporary lay-off, his employment may, for the purposes of his life insurance hereunder, be deemed to continue until terminated by the employer but in no case beyond the expiration of a period of two months following the date such leave of absence or layoff commenced.

"In the case of either of the above exceptions, the life insurance hereunder on such employee shall automatically cease on the date of such termination of his employment by the employer, as evidenced to the insurance company by the employer, whether by notification or by cessation of premium payment on account of such employee's life insurance hereunder."

Section F of the certificate issued to the decedent provided as to cessation of insurance: "1. The life insurance shall automatically cease on the date of termination of the employee's employment. For the purposes of the life insurance, termination of employment means cessation of active work as an employee as defined in the group policy, except that in circumstances specified in the group policy the employer may deem the employee's employment to continue after such cessation, subject to the terms of the group policy."

In our opinion it clearly and plainly appears that under the provisions of section 5 the life insurance provided under the policy is automatically canceled upon termination of the employee's "active" employment with the company, subject, however, to the right of the employer to elect to continue the non-active employee's "employment" for the purposes of his life insurance if such employee is absent from active work under one of the exceptions enumerated in section 5. It also appears that

even if the insurance coverage is extended by the employer under the provisions of section 5 to a non-active employee who came within one of the exceptions enumerated therein, it could be terminated at any time by the employer.

Turning to the master policy and the certificate issued thereunder, as a whole, we can find no provisions which would require the employer to continue coverage of retired employees under the extended coverage provisions of section 5 or which would give the retired employees any vested rights to the extended insurance coverage, as contended by the plaintiff. Neither could such effect be construed from an endorsement to the policy, which provided that the amount of insurance as to a retired employee would be the amount for which he was insured under the policy on the day immediately preceding the date of his retirement reduced, however, to 50 percent of the amount on the first anniversary of such date of retirement and that no retired employee would be required to contribute to the cost of the insurance under the policy.

It follows therefore, that, since under the provisions of the instant policy, retired employees were not automatically covered for life or for the duration of their retirement as to the life insurance in question, the contention of the plaintiff that the controlling issue on the trial of the case was whether in fact her decedent had been discharged or retired on April 11, 1958, is without substance. Clearly under the provisions of the policy the controlling issue was not that of whether the defendant in fact occupied the status of a retired employee on the date of his death but whether the employer had elected under section 5 of the policy to continue, and had continued, the decedent's "employment" for the purposes of his life insurance under the policy until his death. See *Travelers Ins. Co. v. Conine,* 37 Ga. App. 500 (140 S. E. 784); *Johnson v. Travelers Ins. Co.,* 51 Ga. App. 243 (180 S. E. 387).

Since the undisputed evidence adduced on the trial of the case disclosed that the employer had canceled the decedent's insurance on April 11, 1958, and had ceased paying premiums on that date, it is our opinion that the decedent's "employment" for the purposes of his life insurance, under the extended coverage pro-

visions of section 5 of the policy was terminated on that date, as evidenced to the insurer by the cessation of premium payments. It was immaterial, therefore, whether the decedent employee had in fact been retired or discharged on that date.

Thus, the evidence demanded a finding that the decedent was not covered under the instant policy on the date of his death. Accordingly, the trial court erred in denying the defendant insurer's motion for a judgment notwithstanding the verdict made in accordance with its previous motion for a directed verdict.

*Judgment reversed. Townsend, P. J., Carlisle and Frankum, JJ., concur.*