26555. METROPOLITAN LIFE INSURANCE COMPANY *v.* SMITH.

DECIDED FEBRUARY 28, 1938. ADHERED TO ON REHEARING MARCH 31, 1938.

*Smith, Smith & Bloodworth, W. H. Smith,* for plaintiff in error. *Norman H. Fudge,* contra.

STEPHENS, P. J. 1. A total and permanent disability, as a result of bodily injury or disease occurring after the issuance of a policy insuring against such disability, which prevents the insured from "engaging in any occupation or performing any work for compensation or profit," is a disability from which the insured is "wholly disabled from pursuing the usual and customary duties of his employment on which he depends for a living," and in which he is engaged at the time of the issuance of the policy, and "to do substantially all the material acts necessary to the transaction of the insured's occupation, in substantially his customary and

usual manner," or "such other employment, if any, approximating the same livelihood as the insured might fairly be expected to follow, in view of his station, circumstances, and physical and mental capabilities." *Cato* v. *Ætna Life Ins. Co.*, 164 *Ga.* 392 (138 S. E. 787); *Prudential Ins. Co.* v. *South*, 179 *Ga.* 653 (177 S. E. 499, 98 A. L. R. 781); *Marchant* v. *New York Life Ins. Co.*, 42 *Ga. App.* 11 (2) (155 S. E. 221); *New York Life Ins. Co.* v. *Oliver*, 45 *Ga. App.* 756 (165 S. E. 840).

2. Where, at the time of the issuance of a policy which insures against the insured becoming "totally and permanently disabled as the result of bodily injury or disease occurring and originating after the issuance of said policy, so as to be prevented thereby from engaging in any occupation and performing any work for compensation," the insured was a woman engaged in the occupation of a school-teacher, whereby she earned her livelihood, in the performance of the duties of which it was essential that she possess and use the normal faculties of speech, who afterwards, during the term of the policy and while she was engaged in following such occupation, underwent an operation for the removal of a laryngeal tumor from her throat, which resulted in the impairment of her powers of speech by about seventy-five or eighty per cent., which was permanent, and impaired her capacity to do substantially all the material acts necessary to the transaction of her occupation as school-teacher, or any other employment approximating the same livelihood, and rendered it necessary for her to quit pursuing her occupation, notwithstanding the insured, after having given up such occupation on account of the disability referred to, was capable of performing the duties of housewife and mother, which was not an occupation or employment approximating the same method of livelihood in which she was engaged in the occupation of school-teacher, the insured, under the provisions of the policy, was totally and permanently disabled as a result of bodily injury or disease, occurring after the issuance of the policy, from engaging in any occupation or performing any work for compensation or profit.

3. In *Metropolitan Life Ins. Co.* v. *McDevitt*, 55 *Ga. App.* 342 (190 S. E. 404), the insured, under a policy containing a similar disability clause, who at the time of the issuance of the policy was engaged in the occupation of a stenographer, but who at the time

she suffered the disability alleged, which was that of total deafness, had abandoned her occupation of stenographer and was occupied at the time in the performance of the duties of a housewife and mother, the capacity to perform which was not substantially impaired by her deafness, was not prevented by the disability from performing the occupation in which she was engaged, namely that of housewife and mother at the time when she suffered the disability. The decision in that case, wherein the court held that the insured had suffered no disability under the terms of the policy, is distinguishable from the case now before the court, wherein the insured suffered a disability as respects her capacity to perform the occupation in which she was engaged at the time.

4. In a suit by the insured against the insurer to recover under the policy, the evidence was sufficient to authorize the jury to find that the plaintiff had suffered total and permanent disability for which she was entitled to compensation under the terms of the policy.

5. The court did not err in refusing a request which contained an instruction to the jury that the plaintiff could not recover if she had suffered no disability in her capacity to perform the regular and substantial duties of a housewife and mother.

6. The evidence as set out in paragraph 2 authorized the verdict for the plaintiff, and no error appears. The court did not err in overruling the defendant's motion for new trial.

   *Judgment affirmed. Sutton and Felton, JJ., concur.*